## FIELD vs. IRELAND.

1. An affidavit, made by the defendant, that certain goods of the value of thirty dollars, the property of certain persons named in the affidavit, had been feloniously stolen by some person or persons unknown to the affiant, and that, from probable cause, he suspected said goods were concealed in a trunk belonging to the plaintiff and another person. does not amount to a charge of larceny against the plaintiff, if he fails to account satisfactorily for his possession.

2. But such an affidavit is equivalent to a charge of knowingly concealing stolen goods, although it may not contain the statutory requisitions necessary to constitute that offence, and authorizes the justice to issue his warrant for the arrest of the person in whose possession the goods are alleged to be.

3. Actual force, or a manual touching of the body, is not necessary to constitute an arrest; it is sufficient, if the party is within the power of the officer, and submits.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

The declaration, which is for malicious prosecution, contains

two counts. The first, alleging that the plaintiff in error charged the defendant in error with having feloniously stolen goods and chattels, of a greater value than twenty dollars, from him, and upon such charge procured a warrant, upon which he was arrested, &c. The second count alleges a charge of felony, and the arrest of the defendant in error on that charge, his discharge, &c. On the trial, it was proved that the plaintiff in error made an affidavit before a justice of the peace, that certain goods, of the value of thirty dollars, the property of certain persons named in the affidavit, had, within sixty days then last past, been feloniously stolen, taken, and carried away, by some person or persons unknown to him; and that, from probable cause, he suspected such goods were concealed in a trunk belonging to the defendant in error and one James Ross, in the theatre, or in or about a boarding house in Emanuel street, and prayed for a warrant to search for the same; and that on the application thus made, the justice issued a warrant to a constable, directing him to search the places mentioned in the affidavit, for the goods specified, and on finding the same, to bring such goods, the defendant in error, and the said Ross, before him, to be dealt with according to law. The constable, on the search, found certain goods, which he returned to the justice. The defendant in error was not actually arrested on the warrant, but was met by the constable and informed that he had a warrant for him, upon which he came voluntarily with him before the justice, when an examination was had, and the defendant in error discharged.

The court charged, that the possession of goods proved to have been stolen, constitutes a larceny, unless they are accounted for by the person in whose possession they are found, and that the statement of facts contained in the affidavit of the plaintiff in error constituted a charge of larceny against the defendant in error, if the goods were found in his possession, and there was no evidence to show that any other person had the possession from the time they were stolen to the time they were found in his possession.

The following charges were requested, on the part of the plaintiff in error:

1. If the affidavit did not charge the defendant in error

with felony, or with having feloniously stolen articles of greater value than twenty dollars, that, although the warrant in question was issued by a justice of the peace, commanding a constable to arrest the defendant in error, and that thereupon he was arrested and brought before said justice, and by him examined and discharged, the warrant, not being authorized by the affidavit, was illegally issued, and the plaintiff in error not chargeable by reason of such affidavit, warrant, arrest and discharge, under either count;

2. That the affidavit did not charge the defendant in error with any crime; that the warrant of the justice was illegally issued thereon, and that the plaintiff in error was not liable under either count, by reason of acts done under color of said warrant by others;

3. That the warrant of the justice was not authorized by the affidavit;

4. That the affidavit, and the warrant thereon, would not subject the plaintiff in error to the action;

5. That if the defendant in error came voluntarily before the justice, and was not under any arrest, and in custody of an officer by reason of such warrant, his examination and discharge did not amount to a malicious prosecution under either count; which several charges were refused.

The charge of the court as given, and the refusal to charge as requested, were reserved, and are here assigned for error.

GEO. N. STEWART, for the plaintiff in error:

1. The affidavit did not charge Ireland with grand larceny, as charged in the first count, nor with felony, as charged in the second count. The affidavit expressly says, that the goods were stolen by persons unknown to affiant. It does not charge, that the goods were in the possession of Ireland, nor that the trunk was. Admitting every fact stated in the affidavit to be true, it would not necessarily follow that he had been guilty of any crime. The affidavit, then, did not authorize the arrest of Ireland, nor did it authorize the warrant for his conditional arrest. 2 Blackf. R., 259. The construction and legal effect of the affidavit was a question of law, and not of fact; and it was the duty of the court to construe it, and to say whether or not it authorized or required the arrest. 19 Ala., 331.

If the affidavit did not authorize the writ to arrest, and if the order to arrest was improperly issued by the justice, the party making the charge is not responsible for it.   Bennet v. Black, 1 Stew., 39; Ewing v. Sanford, 19 Ala., 611.   It is true, that it is not necessary for the charge to be made in the strict technical language which is required in an indictment; but it must specify some charge which would authorize the party's arrest.

2. The warrant was contingent, and the contingency did not happen; consequently the officer made no arrest.   In cases for malicious prosecution, the declaration must show an arrest, and that it was under color of lawful process; and the process must be set forth in the declaration, and correctly described.   Sheppard v. Furniss, 19 Ala., 764; 3 Blackf. R., 210.   Of course, the proof must conform to the allegations of the declaration, else it is inadmissible.   The voluntary appearance of Ireland before the justice was not equivalent to an arrest.

3. The charges of the court cannot be sustained.   The court charged "that the possession of stolen goods constituted a larceny, unless they are accounted for by the person in whose possession they are found."   This is incorrect.   The possession of goods recently stolen is evidence of larceny only.   The charge was, that they had been stolen within sixty days.   The charge, too, tended to mislead, because no goods were found in the possession of Ireland, and it therefore had no application to the case.   The second charge is also erroneous.   Whether the affidavit constituted a charge of larceny or not, must be determined from the affidavit itself, not from a subsequent event.

The court also erred in its refusal to give the charges requested, each of which asserted a correct legal proposition, applicable to the case.

BLOCKER, *contra* :

1. The affidavit and warrant contain all that is required to sustain both counts of the declaration.   It subjects Ireland to a prosecution as receiver of stolen goods, and this, by statute, is punishable as grand larceny.   Clay's Dig., 425, § 60.   The offence charged, that of being in possession of stolen goods,

is a felony. Ib. 439, §8. The affidavit and warrant, therefore, sustain both counts of the declaration. The testimony of the justice shows that he issued the warrant "on the affidavit, and at the instance of Field." His testimony was properly admitted. 7 Por., 437; 5 Stew. & P., 367; 21 Wend., 281; 2 Johns., 203.

A charge, falsely and maliciously preferred, which will authorize a justice to issue his warrant, and have the accused brought before him for examination in any matter that will subject him to a criminal prosecution, is sufficient to sustain this action. Long v. Rogers, 19 Ala., 328. It is not necessary that the charge should be described in technical language.

2. To constitute an arrest, no actual force is necessary, or manual touching of the body. It is sufficient, if the party be within the officer's power, and submit to him. 2 New Hamp., 318; 1 Wend., 252; 1 Bald., 239. An arrest, in a criminal case, is the detaining of the party, in order that he may be forthcoming to answer an alleged or suspected charge.

3. The charges of the court were proper and applicable, and are fully sustained by the decisions of this court. 11 Ala., 916; 12 ib., 264; 16 ib., 62; 17 ib., 540; 19 ib., 320; ib., 605.

GOLDTHWAITE, J.—If a person makes a charge against another, that he is in possession of stolen goods, we do not think it necessarily amounts to a charge of larceny, if the possessor fails satisfactorily to account for his possession. That the possession of stolen goods may, under certain circumstances, create the presumption of larceny in the possessor, is undeniable; but when, as in this case, words are used which negative the idea that any particular person was intended to be charged with the stealing, it cannot be converted into a charge of larceny by the failure of the possessor to account for his possession. The charge as given was, therefore, erroneous; and as injury may have resulted from it to the plaintiff in error, the judgment must be reversed.

As another trial may be had, it is proper to settle some other of the questions presented, with a view to the future direction of the case. Although, in our opinion, the affidavit does not amount to a charge of larceny against the defendant

in error, we regard it as equivalent to a charge of knowingly concealing stolen goods, which is felony by the Penal Code, (Clay's Dig. 425, §60,) although we would not be understood as asserting that it contains the statutory requisitions necessary to constitute the offence referred to.

The affidavit states, that certain goods have been stolen, and that they are in a trunk belonging to the defendant in error and another person. The question is, what, in common parlance, this statement amounts to. Davis v. Noak, 1 Stark. 377. No one, we apprehend, can doubt that when a party charges another with having stolen goods concealed in his trunk, it would be understood as a charge that they were concealed by such person. Such is the clear, common sense, every day meaning which would attach to the words; and we held, in Ewing v. Sanford, 19 Ala 605, that technical accuracy, in charges of this kind, was not necessary as an authority for the magistrate to act. So, in this case, that the affidavit was sufficient to authorize the magistrate to issue his warrant under the act of 1807, (Clay's Dig. 480, §24,) to arrest the defendant in error, if the goods were, on search being made, found in his trunk, we do not doubt; and we think, also, that as it amounted to a charge of felony, the justice was authorized to issue his warrant for the arrest of the defendant in error, without reference to the act last referred to.

In relation to the question presented upon the charge requested in relation to the arrest, the position cannot be sustained, that submission to process without compulsion does not amount to an arrest. We understand the law to be well settled, that no manual touching of the body or actual force is necessary to constitute an arrest. It is sufficient, if the party is within the power of the officer and submits. 2 N. H. 318; 1 Bald. 239; 1 Wend. 210.

For the error before referred to, the judgment must be reversed, and the cause remanded.