# Leib *v.* Shelby Iron Co., *et al.*

*Trespass for False Imprisonment.*

1. *Justification under legal process is a complete answer to action for false imprisonment.*—An action for false imprisonment cannot be maintained when the proof shows that the plaintiff was arrested by a proper officer under a warrant regular on its face and issued by proper authority.

APPEAL from Shelby Circuit Court.

Tried before Hon. LEROY F. BOX.

This was an action for false imprisonment instituted by Morris Leib against the Shelby Iron Company, and L. T. Grant, and the original complaint contained only one count which

[Oswalt v. Smith.]

was in the form prescribed by the Code No. 19, page 794. An amendment, adding a count for malicious prosecution, after being allowed, was stricken out on motion of the plaintiff. The defendants plead not guilty, and justification, setting out the process under which the arrest was made; and the original process was introduced in evidence on the trial. The court gave the general affirmative charge for the defendant, and this is the only error assigned.

A. P. LONGSHORE, for appellant.

PETERS, WILSON & LYMAN, for appellee.

McCLELLAN, J.—The original complaint contained only a count for false imprisonment. A count for malicious prosecution was added by amendment, but it appears from the judgment entry that the plaintiff by leave of the court again amended the complaint, "by striking therefrom the count for malicious prosecution." So that the case was tried solely on the count for false imprisonment.

The evidence was free from conflict to the effect that the plaintiff was arrested and constructively imprisoned by a lawful officer, in obedience to the mandate of a warrant which was regular on its face, and which had been issued by a justice of the peace in a case and upon an affidavit charging an offense of which the justice had jurisdiction, at least to the end of issuing process for the arrest and detention of the alleged offender. These facts constituted a complete defense to the action, and the court properly gave the affirmative charge for the defendants.—*Rhodes v. King*, 52 Ala. 272; 2 Brick. Dig. p. 239; 7 Amer. & Eng. Encyc. of Law, p. p. 664 and 689.

Affirmed.