# Adams *v.* Coe.

*Action for False Imprisonment.*

1. *Warrant of arrest; sufficient designation of offense.*—Under the statute which provides that a warrant issued by a justice of the peace upon a complaint made before him, must designate the offense charged "either by name or so that it can be clearly inferred," (Code, § 5208), a warrant issued by a justice of the peace which follows the complaint upon which it was issued and recites that "complaint on oath having been made to me by A. that the offense of breaking into the storehouse of said A. at L. in said county has been committed * * * and that he has good reason to believe and does believe that one C. is guilty thereof · * * * you are hereby commanded to forthwith arrest the said C.," &c., designates the offense of burglary, as described in the Code, (Code, § 4417), under which the said C. was to be arrested, and such warrant is not void on its face.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE E. BREWER.

This action was brought by the appellee, Noah Coe, against the appellant, J. B. Adams, and sought to recover damages for false imprisonment.

The complaint claims $5,000 as damages for that the defendant caused the plaintiff to be arrested and imprisoned on a warrant which is set out at length in the complaint, and is copied in the opinion. It was further

[Adams v. Coe.]

averred in that complaint that said warrant was issued by M. S. Wilson, a justice of the peace, by reason of an affidavit made by J. B. Adams, who, as the affidavit recites "being sworn, says on oath, that his storehouse at Longview, Alabama, was broken into on the night of February 11, 1897, and again on the night of March 4, 1897, and that he has reason to believe and does believe that Noah Coe is guilty thereof." It was further averred that by reason of the issuance of said warrant plaintiff was arrested and imprisoned for one hundred and fifty days.

To this complaint, the defendant demurred upon the following grounds: 1. It shows on its face that the arrest and imprisonment was on a warrant which charged an indictable offense. 2. Said complaint shows that said arrest and imprisonment was done in the course of legal proceedings upon process not void. This demurrer was overruled, and to this ruling the defendant duly excepted.

The defendant pleaded the general issue and several special pleas, setting up the fact that the defendant was arrested and imprisoned under a legal and valid process, and that the warrant was issued by a justice of the peace, and was executed by a constable in the exercise of the duties of their respective offices. To the special pleas the plaintiff demurred upon the ground that they set up no answer to the complaint. The demurrers to the special plea were sustained, and to each of the court's rulings in sustaining the demurrers to the special pleas, the defendant separately excepted.

On the trial of the case, the affidavit made by James B. Adams charging the plaintiff with breaking into his storehouse, and the warrant issued by the justice of the peace upon the making of said affidavit, and the appearance bond given by the defendant in said prosecution were introduced in evidence. It was further shown by the evidence that James B. Adams made said affidavit before a justice of the peace charging the plaintiff in this suit with breaking into the storehouse of said Adams; that Wilson, the justice of the peace issued a warrant upon said affidavit for the arrest of the plaintiff in this action, Noah Coe, and that said Coe was arrested under

said warrant by a constable; but that no force was used in making the arrest and no indignities were heaped upon Coe in making the arrest; he being in the custody of the constable for no more than 3 or 4 hours, and only long enough to make the appearance bond.

The defendant requested the court to give to the jury, among others, the following written charge, and separately excepted to the court's refusal to give the same as asked: "If the jury believe the evidence, they must find the issue in favor of the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $100. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BROWNE & LEEPER, for appellant.—The warrant sufficiently charged the offense of burglary, and was not void upon its face.—Code, § 5208, *Rhodes v. King,* 52 Ala. 272; *Crosby v. Hawthorne,* 25 Ala. 223.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The warrant under which plaintiff was arrested and imprisoned, following the complaint upon which it was issued, is as follows: "Complaint on oath having been made to me by J. B. Adams that the offense of breaking into the store house of the said J. B. Adams at Longview in said [Shelby] county has been committed on the night of February 11th, 1897, and again on the night of 4th day of March, inst., and that he has good reason to believe and does believe that one Noah Coe is guilty thereof, you are hereby commanded to forthwith arrest the said Noah Coe," etc. etc. It was necessary for this warrant to designate the offense either by name only, or by words from which it might be inferred.—Code, § 5208; *Brown v. State,* 63 Ala. 97; *Rhodes v. King,* 52 Ala. 272; *Crosby v. Hawthorn,* 25 Ala. 221; *Williams v. State,* 88 Ala. 80; *Ewing v. Sanford,* 19 Ala. 605; *Field v. Ireland,* 21 Ala. 240; *Brown v. State,* 109 Ala. 70. The warrant involves the averment of house-breaking, which in common parlance implies

burglary and is so defined.—1 Bouvier's Law Dictionary, 965; 2 Am. & Eng. Encyc. Law, p. 659; Webster's International Dictionary; Worcester's Unabridged Dictionary; Rap. & Mack Law Dictionary; Century Dictionary. It designates the offense as to the house alleged to have been broken into as it is designated in the head line of the section defining the burglary of a storhouse, (Code, § 4417), and stress is laid in our decisions upon such designation.—*Rhodes v. King*, 52 Ala. 272, 274-5; *Spear v. State*, 120 Ala. 351. It was not made invalid on its face by the absence of recitation that the breaking into the storehouse was actuated or accompanied by an intent to steal, or to commit a felony: this, for the purposes in hand, is implied or inferable from the statement of the *offense* of breaking into the store; and so also is the fact that property for use, sale or deposit was kept in the store, was implied or inferred, as the fact of concealment *about the person* of a pistol where the warrant recited the "offense of carrying a concealed pistol," (*Spear v. State, supra*), and the facts that defendant knew the goods had been stolen and had concealed them, in a warrant in which the charge was that goods which had been stolen were concealed in a certain trunk belonging to the defendant and another—*Field v. Ireland*, 21 Ala. 240.

Upon these considerations and authorities our conclusion is that the warrant is not void on its face. The rulings of the circuit court were to the contrary.

Reversed and remanded.