(76 South. 935)

NOLEN v. JONES. (5 Div. 674.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. FALSE IMPRISONMENT ⟊7(1) — JUSTIFICATION—DEFENSE.

Justification of arrest and imprisonment under legal process is a complete defense to an action for false imprisonment.

2. CRIMINAL LAW ⟊211(1), 218(5)—AFFIDAVIT AND WARRANT—CERTAINTY.

Though an affidavit and warrant in a prosecution before a justice of the peace were far from perfect, and would have been insufficient as an indictment, the same particularity was not required, and it was sufficient if either the complaint or warrant designated the offense by name only, or by words from which it might be inferred.

3. CHATTEL MORTGAGES ⟊231 — BUYING MORTGAGED PROPERTY — CRIMINAL PROSECUTION—AFFIDAVIT AND WARRANT.

An affidavit and warrant charging the offense of "buying mortgaged property" can be reasonably interpreted as charging a violation of Code 1907, § 7342, which prohibits "removing, selling or buying property to which others have claim," and is therefore sufficient in a court of a justice of the peace.

Appeal from Circuit Court, Tallapoosa County; Thomas W. Wert, Judge.

Action by G. W. Jones against I. D. Nolen. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

J. W. Strother, of Dadeville, for appellant. Harsh, Harsh & Harsh and W. J. Slaughter, all of Birmingham, for appellee.

ANDERSON, C. J. [1-3] The first count of the complaint is for false imprisonment, while the second one is for a malicious prosecution. The defendant pleaded justification under legal process as to the first count, and which, if established, was a complete defense to said count for false imprisonment. Leib v. Shelby Co., 97 Ala. 626, 12 South. 67; Sou. Car Co. v. Adams, 131 Ala. 157, 32 South. 503; Emerson v. Lowe Mfg. Co., 159 Ala. 350, 49 South. 69; Pell City Mfg. Co. v. Swearingen, 156 Ala. 397, 47 South. 272. The proof shows that the plaintiff was arrested under a warrant issued by a justice of the peace which, together with the affidavit upon which it was issued, was introduced, and the trial court, in refusing

the general charge for the defendant, as to the first count evidently proceeded upon the idea that the warrant was void, and in this we think the said court fell into error. The affidavit and warrant are far from perfect, and would be insufficient as an indictment, but the same particularity is not required in prosecutions of this character before a magistrate, and it is sufficient to designate the offense, either in the complaint or warrant, by name only, or by words from which it may be inferred. Brown's Case, 63 Ala. 97; Adams v. Coe, 123 Ala. 664, 26 South. 652. The warrant charges the offense of "buying mortgaged property," and can be reasonably interpreted as charging a violation of section 7342 of the Code of 1907, the caption of which is: "Removing, Selling or Buying Property to Which Others Have Claim."

As above noted, the defendant was entitled to the general charge as to the first count, and as the second count should have been submitted to the jury, the trial court erred in peremptorily instructing that the plaintiff was entitled to recover.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.