187 So. 643

## BONNER v. STATE.

### 5 Div. 64.

Court of Appeals of Alabama.

Dec. 13, 1938.

Rehearing Denied Jan. 10, 1939.

John A. Darden, of Goodwater, for appellant.

. A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The prosecution was begun by affidavit before a Justice of the Peace, as is authorized by Sections 3846 and 3847 of the Code of 1923, with warrant issued returnable before the Justice of the Peace.

The charge laid in the affidavit was petit larceny and conformed to the form as prescribed for indictments by Code of 1923, Section 3860, Subdivisions 1 and 2.

On the trial before the Justice of the Peace, the crime charged being within his jurisdiction, the defendant was convicted of the offense as charged, from which an appeal was taken to the Circuit Court under Section 3858 of the Code of 1923, in which latter court, the Solicitor filed his information as required by Statute, charging petit larceny of certain scrap iron. The cause proceeded to trial de novo, resulting in a judgment of conviction for an attempt to commit petit larceny. From this judgment appeal is taken to this court.

The first contention of appellant is that the trial court erred in refusing to give to the jury, at his request, the general affirmative charge. We have read this record, and without undertaking a detailed statement of the testimony, we find that there was sufficient evidence from which inferences of guilt could be drawn to sustain a verdict of conviction, either on the charge of larceny, or of an attempt to commit larceny, of which latter offense defendant was convicted. This being the case, the general affirmative charge as requested by defendant was properly refused.

The verdict of the jury, on which the judgment is based, is "we as Joury find the defendant guilty of an tempt to commit Pettey Larncy and fix the fine at one cent." The above verdict was the fourth attempt to write a verdict which would be received by the court as a basis for the judgment as rendered. The verdict as finally accepted by the court, evidences a marked degree of illiteracy; and, in view of the facts disclosed by the record, the trial judge might have furnished to the jury written forms for verdicts conforming to their findings under the evidence. 16 C.J. 1027 (2460).

However, a strict adherence to form or language in the rendition of verdicts by petit juries is not required. Although, the verdict, as finally accepted, is informal and contains inaccuracies in both orthography and the language used, it is nonetheless clear that it was the intention of the jury to return a verdict of guilty of an attempt to commit the crime charged in the affidavit. That being the case, the verdict above quoted is sufficient to support the judgment rendered. 16 C.J. 1101 (2585) f.

The appellant contends that there can be no conviction of an attempt to commit larceny on a complaint charging the commission of the crime of larceny. In this connection, we are cited to Section 3307 of the Code of 1923 relating to indictments. This Section of the Code is not a limitation on trials in misdemeanor cases brought by affidavit and warrant in Justice of the Peace and County courts, where charges of crime within such jurisdictions are in a large measure informal. The charge of an attempt to commit a mis-

demeanor is embraced in the greater offense, and when the greater offense is properly charged a conviction may be had of an attempt. The excerpt from the oral charge of the court on this point, to which exception was reserved, was free from error.

The appellant takes exception to the ruling of the trial court in refusing to allow him on the trial to prove by himself, as a witness, and another, who was with him at the scene of the alleged crime, that they were told by one Smith, who was not present at the trial, that he (Smith) was the owner of the property in question and that he told defendant to go to the place and inspect it. This testimony was hearsay, and properly excluded.

The appellant excepts to the ruling of the court permitting the State's witness Jacobs to testify that he was agent for the Union Bank and Trust Company, the person in whom ownership of the property in question was laid, and that as such agent he had possession of the property for the owner. There was no error in this ruling. Where agency rests in parole, it may be proven by the declaration of the agent. U. S. Cast Iron Pipe & Foundry Co. v. Caldwell et al., 208 Ala. 260, 94 So. 540.

It is insisted that the trial court erred in receiving the verdict of the jury in the absence of defendant and his counsel. The facts as disclosed by the record appear to be that the defendant was present but that the defendant's counsel had absented himself from the court and was not available at the time the verdict was received. It further appears that upon the return of defendant's counsel, the jury was polled in his presence and each of the jurors answered that the verdict was his.

It is the duty of the appellant to show injury, and none appearing in this record, a reversal cannot be predicated upon this action of the court. Supreme Court Rule 45. Simmons v. State, 129 Ala. 41, 29 So. 929.

We have examined, as is required by Statute, all of the other questions presented in this record, and find that the rulings of the court are either free from error, or without prejudicial injury to the defendant's cause.

Finding no error in the record, the judgment is affirmed.

Affirmed.