18 So.2d 417

## ROYALS v. STATE.

### 4 Div. 813.

Court of Appeals of Alabama.

Feb. 22, 1944.

Rehearing Denied April 11, 1944.

Mulkey & Mulkey, of Geneva, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

RICE, Judge.

Prosecution was begun in the Inferior Court of Geneva County by an affidavit and warrant of arrest. The affidavit followed the language of Code 1940, Tit. 14, Sec. 337, viz.: "Any person who fraudulently brings into this state any personal property which he knew was stolen elsewhere, shall, on conviction, be punished as if he had stolen it in this state." The affidavit was sufficient to charge the offense denounced. Whitehead v. State, 16 Ala.App. 427, 78 So. 467.

Upon appeal to the Circuit Court the Solicitor filed a complaint in three counts. One count was in the words of the original affidavit; and two additional counts gave the name of the person from whom the property was stolen—one of same naming appellant as the thief.

Appellant admits here, as well he might, that the testimony made a jury question as to his guilt as charged.

But he complains that his demurrer to the first count of the complaint was improperly overruled; and that the court erred in refusing to strike the two other counts as constituting a departure from the offense named in the original affidavit.

In neither of his contentions do we think there is merit. Whitehead v. State, supra; Freeland v. State, 26 Ala.App. 74, 153 So. 294; Code 1940 Tit. 14, Sec. 337.

The case seems to have been fairly and correctly tried, and the judgment is affirmed.

Affirmed.