We granted Defendant's petition for review of the Court of Criminal Appeals' affirmance of his capital offense conviction and death sentence. The posture of the trial court proceedings and the facts of the case are fully set out in the appellate court's opinion, 431 So.2d 555, and need not be repeated here. Our careful review of that opinion reveals that each of the issues addressed is resolved in accordance with well-established legal principles relating to Alabama's death penalty statute as pronounced by the Supreme Court of the United States and the appellate courts of this State.
Pursuant to the "plain error" mandate of the last paragraph of ARAP 39 (k), however, our search of the record discloses one additional issue not raised by petitioner nor addressed by the Court of Criminal Appeals: Is misciting the code section in the indictment reversible error?
The problem arises because each count of the indictment cites § 13A-5-31 (a)(2) as the code section violated. That code section is part of the 1975 capital punishment statute and is a proper citation for crimes occurring before July 1, 1981, the effective date of the 1981 capital punishment statute (now codified as §§ 13A-5-39 through 13A-5-59). The 1981 statute applies to crimes occurring after July 1, 1981. § 13A-5-57.
The indictment citation of § 13A-5-31 (a)(2) is in error, because the crime involved in this case occurred on July 26, 1981, twenty-five days after the effective date of the 1981 capital punishment statute. Therefore, the applicable code section is § 13A-5-40 (a)(2). Nonetheless, we hold that the technical error in citation is not of such legal significance as to require reversal.
Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage. Maysv. City of Prattville, 402 So.2d 1114, 1116 (Ala.Cr.App. 1981);Coker v. State, 396 So.2d 1094, 1096 (Ala.Cr.App. 1981);Fitzgerald v. State, 53 Ala. App. 663, 665, 303 So.2d 162
(1974); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479,petition struck, 249 Ala. 201, 30 So.2d 483 (1947); accord,United States v. Kennington, 650 F.2d 544 (5th Cir. 1981);Theriault v. United States, 434 F.2d 212, 213 n. 2 (5th Cir. 1970), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113
(1971).
The record not only fails to show that Defendant was prejudiced by the misciting of the statute, but it affirmatively shows that he was not prejudiced by it. *Page 565 
When applied to the facts of this case, §§ 13A-5-31 (a)(2) and13A-5-40 (a)(2) are materially identical; and the indictment adequately avers a violation under both sections, the punishment under both being the same.
To be sure, § 13A-5-40 (a)(2) is broader than § 13A-5-31 (a)(2) in that it encompasses a robbery-murder in which the person murdered is not the same as the victim of the robbery. That difference, however, is irrelevant here, because the indictment averred (consistent with the undisputed facts) that the murder victim in this case was the convenience store clerk who was robbed.
The only difference is that § 13A-5-31 (a)(2) is part of the 1975 statute (with its procedure as specified in that statute and in Beck v. State, 396 So.2d 645 (Ala. 1980)), while §13A-5-40 (a)(2) is part of the 1981 statute (with its procedure spelled out in §§ 13A-5-43 through 13A-5-53), which is different in some respects, not here material.
Because the indictment, though citing the 1975 statute, adequately describes the offense under the applicable 1981 statute, and because the punishment is identical under both, the only conceivable claim of prejudice lies in this: That the misciting of the statute somehow led Defendant to believe he was to be tried under the procedure prescribed by the 1975 act, as supplemented in Beck, when in fact he was tried under the 1981 act procedure. The record, conclusively refuting any such claim, affirmatively shows that the trial judge and counsel for the respective parties, well before the trial date, all acknowledged that the trial, and the subsequent sentencing procedure, would be governed by the 1981 capital punishment statute. It is important that Defendant and his counsel knew that the capital offense of which he, the Defendant, was charged, and the procedure by which he was tried and sentenced, were the capital offense and procedure prescribed by the 1981 statute, notwithstanding the technical citation error in the indictment.
In conclusion, we emphasize that Defendant's failure to raise the error of citation issue, while weighing against Defendant as to any possible claim of prejudice, serves as no impediment to our scope of review pursuant to the "plain error" mandate in death penalty cases. Accordingly, we find no irregularity nor impropriety in either the trial proper or in the sentencing procedure "adversely affecting the right of the defendant." §13A-5-53. Likewise, extending our inquiry into "whether death was the appropriate sentence in the case," as mandated by §13A-5-53 (a), including the Beck mandate to "examine the penalty . . . in relation to that imposed upon his accomplices, if any," we concur with the appellate court's conclusion that Bush's death sentence was properly arrived at and is appropriate, being neither excessive nor disproportionate under the circumstances.
AFFIRMED.
All the Justices concur.