Appellant Charles Herman Anderson was indicted for first degree burglary by a Jackson County grand jury. He pled guilty to an amended indictment for second degree burglary and was sentenced under the Habitual Felony Offender Act to life imprisonment. Two issues are raised on appeal.
 I.
Anderson first claims that his sentence was so disproportionate to his crime that it constituted cruel and unusual punishment and thus was violative of the Eighth and Fourteenth Amendments of the United States Constitution. Appellant cites the case of Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), as authority for his claim.
Proportionality of sentence is certainly a vital constitutional guarantee. In Solem v. Helm, supra, the Supreme Court pointed out that no single criterion can be used to identify a disproportionate criminal sentence. The determination is one that must be made on a case-by-case basis. Some of the criteria that the Court suggested be used by an appellate court reviewing proportionality are the seriousness of the offense, the harshness of the penalty, and the penalties imposed on other criminals in the same jurisdiction.
Using these standards, we can come to no other conclusion except that appellant's sentence was indeed proportional to his crime.
Anderson's offense was serious. The colloquy in this case shows that he broke into a house through a screened window with the intent to steal; at the time he made his forced entry, the dwelling was occupied. The record reveals that this was appellant's third felony offense. His other two crimes also involved burglary.
At his hearing, Anderson was fully informed by the lower court of the possible maximum and minimum sentences he could receive if he pled guilty. He was also aware that the State recommended that he receive a sentence of life imprisonment.
The constitutionality of Alabama's Habitual Felony Offender statute has been upheld numerous times, (see Ala. Digest,Criminal Law, Key No. 1201.5 and cases cited therein), and as the Supreme Court of the United States has pointed out, ". . . a state is justified in punishing a recidivist more severely than it punishes a first offender." Solem v. Helm, supra.
The sentence imposed on appellant falls within the limits set by § 13A-5-9, Code of Alabama 1975, which reads in pertinent part as follows:
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
". . .
 "(2) On conviction of a Class B Felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years. . . ."
In addition, we have considered Anderson's sentence in light of his prior record and the severity of the instant offense and we must conclude that his punishment was indeed proportionate to his crime. See Jackson v. State, 440 So.2d 1181 (Ala.Cr.App. 1983). Thus, appellant's first issue is without merit.
 II.
The second issue appellant raises is whether or not he was denied his right to effective assistance of counsel. He claims that his trial attorneys' failure to request change of venue or to inform him of his right to change of venue based on prejudicial pretrial publicity resulted in a denial of his Sixth Amendment right.
We must begin by noting that the copies of newspaper articles dealing with the case attached to appellant's brief are *Page 959 
not part of the record before this court. See Ala. Digest,Appeal and Error, Key No. 714 (5), and cases cited therein.
Evidence of prejudicial pretrial publicity could become part of the record if appellant obtained an evidentiary hearing following the grant by the circuit court of a petition for writ of error coram nobis.
However, we may not consider any "exhibits" as part of the record merely because they are annexed to appellant's brief.
Even if the record did show evidence of widespread pretrial publicity, such evidence standing alone does not entitle appellant to a change of venue. There must be a showing that pretrial publicity resulted in actual prejudice to appellant,Dolvin v. State, 391 So.2d 666 (Ala.Cr.App. 1979), aff'd,391 So.2d 677 (Ala. 1980), and we have no evidence to that effect before us whatsoever.
The standard this court must use in reviewing the claim of ineffective assistance of counsel is "whether the proceedings were rendered a farce or mockery of justice", Harris v. State,367 So.2d 524 (Ala.Cr.App. 1978), cert denied, 367 So.2d 534
(Ala. 1979); Woodyard v. State, 428 So.2d 136 (Ala.Cr.App. 1982), aff'd, Ex parte Woodyard, 428 So.2d 138 (Ala. 1983),cert denied, ___ U.S. ___, 103 S.Ct. 3120, 77 L.Ed.2d 1373
(1983).
We have carefully reviewed the transcript of the colloquy held in this case, and we can find only affirmative evidence that appellant's plea was voluntarily and intelligently entered. When asked by the trial court whether he was satisfied with the services and advice given to him by his trial lawyers, the appellant replied "Yes, sir".
Based on a careful consideration of the record in this case, we conclude that the judgment of the lower court must be affirmed.
AFFIRMED.
All the Judges concur.