TAYLOR, Judge.
Dan Purdy Knight was found guilty in the Municipal Court of Gardendale of the offense of driving under the influence. He appealed to the circuit court, was found guilty, and received a $250 fine plus a requirement that he attend DUI school, from which conviction he now appeals to this court. The only issue made by the appellant is that he was not sufficiently informed of the charge against him by the traffic ticket he was given.
The traffic ticket was the Alabama Uniform Traffic Ticket and Complaint, known as the “UTTC” or “Form UTC-1”. The printed language of the ticket states that the named person “did unlawfully operate a motor vehicle ... in violation of 83-10 § 32-5A-191 ... [indicating a municipal ordinance] more particularly described in DESCRIPTION OF OFFENSE section below (See circle of description of offense)”. The ticket then gives “COURT APPEARANCE INFORMATION” and “DESCRIPTION OF OFFENSE”. In the space allotted for a description of the offense, the ticket reflects:
“DRIVING WHILE UNDER THE INFLUENCE OF
“(4) ALCOHOL TEST TYPE_BAC
“(5) CONTROLLED SUBSTANCES”
Offense # 4 is circled, and out to the right side the additional information provided is “TEST TYPE PEI BAC .21 ”. The appellant contends that this traffic ticket does not charge the appellant with any offense, citing Smith v. State, 435 So.2d 158 (Ala.Cr.App.1983). There, the court, per Judge Bowen, stated:
“The information charged that the defendant ‘did commit the offense of Driving Under the Influence in violation of Section 32-5A-191 of the Code of Alabama.’ The information is fatally defective because it does not specify whether the defendant was driving under the influence of alcohol (Section 32-5A-191(a)(2)), under the influence of a controlled substance (Section 32-5A-191(a)(3)), or under the combined influence of alcohol and a controlled substance (Section 32-5A-191(a)(4)). The information did not allege a criminal offense in that it failed to describe any offense condemned by Section 32-5A-191.” (Citations omitted.)
The UTTC as presently constituted, when properly filled out, does not run afoul of *1258 the rule in Smith v. State. The ticket, in fact, clearly states that the charge made is driving while under the influence of alcohol. The UTTC, when properly filled out, as it was in this case, is sufficient to legally charge the offense of driving while under the influence of alcohol.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.