Della M. Dean was convicted for driving under the influence of alcohol. She was sentenced to ninety days' hard labor, fined $1,000, and ordered to pay $25 to the victims' compensation fund.
 I
A video tape of Dean's "booking" at the city jail was properly admitted into evidence. The tape included Dean's refusal to submit to either a breath or a blood test to determine intoxication.
The rule is that "video tape films, if relating to otherwise competent evidence, *Page 855 
are admissible, providing a proper foundation is laid for their admission." Annot., 60 A.L.R.3d 333, 336 (1974). The foundation involves establishing the authenticity and accuracy of the video tape in a manner largely within the discretion of the trial judge.
 "The foundation which must be laid for the introduction into evidence of videotape films differs widely, and is a matter largely within the judicial discretion of the trial court.
 "As to what particular facts are sufficient to establish the authenticity and accuracy of a videotape film, most of the courts dealing with the question, without attempting to enumerate all of the necessary factors for this purpose, have merely held the evidence sufficient to lay a foundation of the authenticity and accuracy of the videotape recording in question, at least where it was shown that the operator of the videotape filming device or a participant in the recording testified to the authenticity and accuracy of the videotape film in question." 60 A.L.R.3d at 346.
See also W. Schroeder, J. Hoffman, and R. Thigpen, AlabamaEvidence, § 11-3 (1987).
On appeal, Dean argues that the admission of the video tape constituted error "when considered against the evidence of the physical injuries sustained by the Defendant." Appellant's brief, p. 12. There was evidence that Dean was injured when her car collided into the rear of another vehicle. She testified that she had "five stitches in [her] head and a slight concussion." However, the objection now advanced was never raised at trial and is not preserved for review. Moreover, the objection now raised is directed, not toward the admissibility of the video tape, but toward the ultimate issue to be decided by the jury — whether or not Dean was intoxicated.
 II
The trial judge properly refused to allow Dothan Police Officer Larry Chappell to testify whether or not Dean was disoriented from the injury she received in the accident. "As a general proposition, a lay witness may not testify that one thing caused another." C. Gamble, McElroy's Alabama Evidence § 128.09 (3d ed. 1977).
 III
In her brief on appeal, Dean has included the affidavits of her defense counsel and the court reporter to prove that the court bailiff and court reporter had some improper contact and communication with the jury. "An ex parte affidavit . . . cannot be considered as part of the record upon which the reviewing court must base its decision. . . . An appellate court is bound by the record and such record may not be impeached by affidavits, or otherwise, by matters outside the record." Tyus v. State, 347 So.2d 1377, 1380 (Ala.Cr.App.), cert. denied, Ex parte Tyus, 347 So.2d 1384 (Ala. 1977) (citations omitted).
This issue was never raised below and the record is totally silent in this regard. The record contains no suggestion that anyone had any communication or contact with the jury during their deliberation. "A reviewing court cannot predicate error on matters not shown by the record. . . . Indeed, a silent record supports a judgment." Robinson v. State, 444 So.2d 884,885 (Ala. 1983) (citations omitted). "Where the record on appeal is silent, it will be presumed that what ought to have been done was not only done, but was rightly done." Watson v.State, 398 So.2d 320, 331 (Ala.Cr.App. 1980), cert. denied, Exparte Watson, 398 So.2d 332 (Ala. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 856