Thomas Henry Jones, Jr. was convicted of driving under the influence of alcohol, fined $300, and ordered to attend a DUI court referral program.
 I
Jones was initially convicted in district court on a complaint (U.T.T.C.) charging that he "did unlawfully operate a motor vehicle . . . in violation of 32-5A-191(A2) [sic] State Code." On appeal to the circuit court, the solicitor's complaint charged that Jones "did . . . operate or was inactual physical control of a motor vehicle . . . while under the influence of alcohol in violation of Section 32-5A-191 of the Code of Alabama." (Emphasis added.) Jones argues that because the complaint in circuit court contained the alternative and additional averment, "or was in actual physical control," which was not alleged in the District Court complaint, the solicitor's complaint is not supported by the original complaint and his conviction is due to be reversed.
Jones' argument is without merit. "[I]n a criminal prosecution technical accuracy in the description of the offense, either in the complaint or warrant, is not required."Wilson v. State, 18 Ala. App. 375, 92 So. 508 (1922). A warrant must state the offense either by name or so that it can be clearly inferred. Spraggins v. State, 139 Ala. 93, 35 So. 1000,1003 (1904).
 "The affidavit and warrant are far from perfect, and would be insufficient as an indictment, but the same particularity is not required in prosecutions of this character before a magistrate, and it is sufficient to designate the offense, either in the complaint or warrant, by name only, or by words from which it may be inferred. Brown's case, 63 Ala. 97; Adams v. Coe, 123 Ala. 664, 26 So. 652. The warrant charges the offense of 'buying mortgaged property,' and can be reasonably interpreted as charging a violation of section 7342 of the Code of 1907, the caption of which is: 'Removing, Selling or Buying Property to Which Others Have Claim.' " Nolen v. Jones, 200 Ala. 577, 578, 76 So. 935 (1917).
Criminal charges brought by affidavit and warrant are "in a large measure informal." Bonner v. State, 28 Ala. App. 406, 407,187 So. 643 (1938), cert. denied, 237 Ala. 446, 187 So. 645
(1939) (Defendant properly convicted of attempt to commit petit larceny on a trial de novo in circuit court on a complaint charging the commission of petit larceny). A warrant issued upon a complaint "is sufficient, if it designates the offense by name, or describes it, or if it employs terms from which the offense may be inferred." Brown v. State, 63 Ala. 97, 101
(1879). "Independent of statutory provision, technical accuracy in such proceedings, had before a justice of the peace, was not expected or required; and they were regarded as sufficient, whenever, upon a fair, reasonable construction of their language, a charge of a known criminal offense could be gathered." Brown, supra. If the original complaint is not void, the complaint based thereon, and filed in circuit court for trial de novo, may state the charge so as to cure any amendable defects. Freeland v. State, 26 Ala. App. 74, 75, 153 So. 294
(1934); Royals v. State, 31 Ala. App. 367, 368, 18 So.2d 417, cert. denied, 245 Ala. 677, 18 So.2d 418 (1944).
"It is well settled that, on an appeal from municipal court, the circuit court may allow the prosecution to amend a defective complaint over the objection of the defendant where no new or different offense is introduced." Mosley v. City ofAuburn, 428 So.2d 165, 167 (Ala.Cr.App. 1982). Here, the circuit judge properly refused to dismiss a complaint charging the defendant with unlawfully operating or being in actual physical control of a motor vehicle while under the influence of alcohol on trial de novo in the appeal of a conviction from the district court on a complaint charging only the unlawful operation of a motor vehicle. See also Holley v. State,25 Ala. App. 260, 261, 144 So. 535, cert. denied, 225 Ala. 597,144 So. 537 (1932) (no variance between affidavit charging being intoxicated and complaint charging being under the influence of intoxicating liquors). *Page 52 
 II
The results of the photo-electric intoximeter test were properly admitted into evidence even though the State Trooper "did not determine whether the test results would be contaminated due to disease or medication" and even though the trooper "repeatedly testified that he could not verify the accuracy of the machine he used." Appellant's brief, p. 8. The defendant's arguments go to the weight to be accorded the test results by the jury and not to the initial admissibility of the test results.
The elements necessary to lay the proper predicate for the admissibility of the P.E.I. test results are: (1) that the law enforcement agency has adopted the particular form of testing that was in fact used; (2) that the test was performed according to methods approved by the State Board of Health; and (3) that the person administering the test has a valid permit issued by the State Board of Health for that purpose. Ex parteBush, 474 So.2d 168, 170 (Ala. 1985). These elements were proven in this case. "There is no need for the State to offer testimony concerning a periodic inspection of the testing equipment in order to lay the predicate for admissibility of the P.E.I. test results." Ex parte Reed 492 So.2d 293 (Ala. 1986). The trooper testified that the defendant did not eat or drink anything during the prescribed waiting period before the test was given and that the machine had been calibrated. It was not necessary for the test operator to testify that he had determined that the driver had no disease and was taking no medication which would contaminate the test and that he could personally verify the accuracy of the machine used.
 III
The complaint in circuit court only charged a violation of subsection (2) of Alabama Code 1975, § 32-5A-191(a) (driving "under the influence of alcohol"). The circuit judge charged the jury on subsections (1) and (2) (driving where "there is 0.10 percent or more by weight of alcohol in his blood" and
driving "under the influence of alcohol"). The defendant argues that the judge's instructions "constituted a fatal variance from the solicitor's complaint." Appellant's brief, p. 9.
The prosecution must prove the specific charge contained in the complaint. Boyd v. City of Montgomery, 472 So.2d 694, 699
(Ala.Cr.App. 1985) ("Since it was specifically alleged in the complaint that the defendant did 'drive . . . while there was 0.10% percent or more by weight of alcohol in his blood, to wit: GCI reading .13%' it was incumbent on the City to prove this particular allegation."). A finding of 0.10 percent or more by weight of alcohol in a person's blood creates a statutory presumption that the person was under the influence of alcohol. Alabama Code 1975, § 32-5A-194(b)(3). Consequently, the instructions of the trial judge did not authorize the jury to find the defendant guilty of an offense with which he was not charged. Boyd, supra. Here, the defendant was not convicted of the same crime under a different set of facts than those charged in the complaint. Compare Ex parte Hightower,443 So.2d 1272 (Ala. 1983). The prosecution proved that the defendant's blood alcohol level was .11%. "[T]here must be a material
variance between indictment and proof before a conviction will be overturned for that reason." Ex parte Collins,385 So.2d 1005, 1009 (Ala. 1980) (emphasis in original). "The law of this state is well settled that '[t]here is no material variance where there is proof of so much of an indictment as shows the defendant committed a substantial offense specified therein.' "House v. State, 380 So.2d 940, 943 (Ala. 1979).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 53