542 So.2d 1301 (1988)
Thomas ROYER, Jr.
v.
STATE.
8 Div. 766.
Court of Criminal Appeals of Alabama.
April 26, 1988.
Rehearing Denied February 24, 1989.
Certiorari Denied April 28, 1989
*1302 Randall O. Gladden, Huntsville, for appellant.
Don Siegelman, Atty. Gen., and Jane LeCroy Brannan, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-646.
McMILLAN, Judge.
The appellant, Thomas Royer, Jr., was found guilty of driving under the influence of alcohol in Madison County District Court; he thereafter appealed to the Circuit Court of Madison County. He was charged with the violation of § 32-5A-191(a)(1) and (2). He was found guilty and sentenced to one year's imprisonment, suspended for two years and was fined $1,000 and costs. The trial court conditioned the suspended sentence on the priviso that the appellant serve 60 days on the Madison County Work Release Program and pay the fine and costs.
The prosecutor and defense counsel entered a stipulation as to the facts as follows:
"[O]n July 6, 1986, the Defendant was observed driving or in actual physical control of a motor vehicle here in Madison County. He was stopped by Trooper Jimmy Smith. Trooper Smith would testify that he has seen intoxicated persons on several occasions and that in his opinion the Defendant was intoxicated. The Defendant was given a test with an Intoxilizer 5000 by Trooper Jimmy Smith. Trooper Smith is certified by the State Board of Health to perform such a test. The Intoxilizer 5000 has been approved both by the State Board of Health and the Alabama State Troopers as a proper test to measure a person's blood alcohol content. The Defendant was under the observation of Trooper Jimmy Smith for 20 minutes prior to the test and the Defendant had had nothing to eat or drink during that period of time. The Trooper followed the procedure set forth by the State Board of Health, and the results of that test were .26, which is over the legal limit."

I
The defendant argues that he was illegally convicted because, he says, he "was charged with two provable parts of a criminal statute, i.e. Sections 32-5A-191(a)(1) and 32-5A-191(a)(2), Code of Alabama (1975)." The appellant argues that the complaint did not adequately confer subject matter jurisdiction or personal jurisdiction over him upon the municipal court. The Alabama Uniform Traffic Ticket and Complaint issued against the appellant indicates that the officer checked the box designating, as a description of the offense, driving under the influence of alcohol rather than controlled substances. He further marked in "test type" "2" and filled in a blank to indicate a blood alcohol content level of .26 percent. Further, the ticket shows that the appellant was charged with a violation of "§ 32-5A-191 2-A-1-A" of the State Code. See Collier v. State, 544 So.2d 981 (Ala.Cr.App.1987) ("There is no subsection `(A)(1)(2)' to § 32-5A-191" as was charged; however, the defendant was properly charged with a violation of subsection (a)(2) of § 32-5A-191). Although the appellant contends that the charge under the U.T.T.C. was duplicitous, there is no showing in the record that this issue was raised until the appellant filed a motion to dismiss or, in the alternative, motion for acquittal in circuit court. The appellant's brief on appeal contains a copy of another such motion filed in district court alleging that the U.T.T.C. was fatally defective for failing to apprise the appellant of the charges against him. However, exhibits attached *1303 to briefs are not part of the record and cannot be considered by this court. Martin v. State, 449 So.2d 801 (Ala.Cr.App. 1984). See also Anderson v. State, 455 So.2d 957 (Ala.Cr.App.1984); Dean v. City of Dothan, 516 So.2d 854 (Ala.Cr.App. 1987).
"A warrant does not require the same particularity which is demanded in indictments. Brazleton v. State, 66 Ala. 96, 98 (1880). Even `[a]n indictment need not set out the statute a defendant is charged under.' Canada v. State, 421 So.2d 140, 144 (Ala.Cr.App.1982). See also Ex parte Bush, 431 So.2d 563, 564 (Ala.), cert. denied, Bush v. Alabama, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983)."
City of Dothan v. Holloway, 501 So.2d 1175, 1176-77 (Ala.Cr.App.1986). Cf. Rule 15.2(b), Alabama Temporary Rules of Criminal Procedure which addresses indictments.
Where a prosecution is based upon an affidavit and warrant, the offense may be designated by name or by words from which it may be inferred. Ex parte McElroy, 241 Ala. 554, 555-56, 4 So.2d 437 (1941). "`[T]he warrant must "designate" the misdemeanor in such manner that the man of ordinary intelligence may know what offense he is called upon to answer.' Slater v. State, 230 Ala. 320-21, 162 So. 130 (1935)." City of Dothan, supra, at 1176.
"[I]n a criminal prosecution technical accuracy in the description of the offense, either in the complaint or warrant, is not required.' Wilson v. State, 18 Ala.App. 375, 92 So. 508 (1922). A warrant must state the offense either by name or so that it can be clearly inferred. Spraggins v. State, 139 Ala. 93, 35 So. 1000, 1003 (1904).
"`The affidavit and warrant are far from perfect, and would be insufficient as an indictment, but the same particularity is not required in prosecutions of this character before a magistrate, and it is sufficient to designate the offense, either in the complaint or warrant, by name only, or by words from which it may be inferred. Brown's case, 63 Ala. 97; Adams v. Coe, 123 Ala. 664, 26 South. 652 ...' Nolen v. Jones, 200 Ala. 577, 578, 76 So. 935 (1917).
"Criminal charges brought by affidavit and warrant are `in a large measure informal.' Bonner v. State, 28 Ala.App. 406, 407, 187 So. 643 (1938), cert. denied, 237 Ala. 446, 187 So. 645 (1939)."
Jones v. State, 513 So.2d 50, 51 (Ala.Cr. App.1986).
The incorrect citation of a Code section does not void an indictment which otherwise states an offense, and, "in the absence of a showing of actual prejudice to the defendant, reference to the erroneous Code section will be treated as mere surplusage." Ex parte Bush, 431 So.2d 563, 564 (Ala.), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983). See also Tinsley v. State, 485 So.2d 1249, 1251 (Ala. Cr.App.1986).
This court in Corum v. City of Huntsville, 491 So.2d 1091 (Ala.Cr.App.1986), stated that the "mere inclusion of the applicable Code section in a charging instrument is [in]sufficient `to put the defendant on notice that he [is] charged with violation of any provable part of the statutory provision.'" Id. at 1093, quoting Ex parte Washington, 448 So.2d 404, 407 (Ala.1984); Ex parte Hightower, 443 So.2d 1272 (Ala. 1983). "Instead, the offense must be designated with specificity." Id. In Corum, the issuing officer failed to circle or mark the appropriate square in order to designate the charged offense. The court noted that although the notations "Test Type 2" and "BAC .216%" implied that the appellant was being charged with driving under the influence of alcohol, "the essentials of an offense must be explicitly charged, and may not be left to inference or aided by intendment." Id. at 1092. "An information is fatally defective where `it does not specify whether the defendant was driving under the influence of alcohol, under the influence of a controlled substance, or under the combined influence of alcohol and a controlled substance.'" Id., quoting Smith v. State, 435 So.2d 158 (Ala.Cr.App. 1983).
*1304 This court in Knight v. City of Gardendale, 500 So.2d 1257 (Ala.Cr.App.1986), held that the "form UTC-1" of the Alabama Uniform Traffic Ticket and Complaint, the same form as used in the case sub judice, "when properly filled out, does not run afoul of the rule in Smith v. State [stated supra]. The ticket, in fact, clearly states that the charge made is driving while under the influence of alcohol." Knight v. City of Gardendale, supra, at 1257-58. In Knight, offense number 4, which refers to alcohol, was marked, the blank for "test type" was filled out, as well as the blank for blood alcohol content level. These facts are consistent with those in the case at hand. Moreover, in Knight the issuing officer described the offense as a violation of § 32-5A-191, without specifying the applicable subsection. However, because of the information included under the "Description of the Offense," this court held that the U.T.T.C. legally charged the offense of driving while under the influence of alcohol.

II
The appellant argues that the complaint issued against him in circuit court was unsworn and unverified and that he was charged with "the new charge of being in actual physical control of a vehicle." The complaint brought against the appellant in circuit court for a trial de novo was signed by the District Attorney. "A prosecution under a state statute on trial de novo requires that the complaint be signed by the District Attorney. Section 12-22-113, Code of Alabama (1975); Williamson v. City of Greenville, 39 Ala.App. 237, 97 So.2d 600; Pearson v. City of Huntsville, 42 Ala.App. 458, 168 So.2d 24; Whitehead v. City of Russellville, 54 Ala.App. 289, 307 So.2d 94 (1975)." Mays v. City of Prattville, 402 So.2d 1114, 1117 (Ala.Cr. App.1981).
The appellant argues that he was charged with a different offense at circuit court, in that the U.T.T.C. charged the appellant with a violation of "§ 32-5A-191 2A-1A," whereas the complaint at circuit court charged him with a violation of §§ 32-5A-191(a)(1) and § 32-5A-191(a)(2). The original complaint charged the appellant with driving while under the influence of alcohol with a blood alcohol content of .26%. The complaint in the circuit court on appeal charged that the appellant "did unlawfully drive or was in actual control of a vehicle while under the influence of alcohol" and "did unlawfully drive or was in actual control of a vehicle while there was 0.10% or more by weight of alcohol in his blood."
This additional language constituted an amendment prohibited by Rule 15.5, Alabama Temporary Rules of Criminal Procedure.
"The fact that the amendment was in violation of the rule does not, however, mandate automatic reversal. Rule 45, A.R.A.P., provides:
"`No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.'"
Mason v. City of Vestavia Hills, 518 So.2d 221, 223-24 (Ala.Cr.App.1987) (emphasis added in Mason).
The appellant was not harmed by the amendment in this case, because he went to trial on a stipulation of the facts and presented no defense. Thus, he was not misled to his detriment by the additional language. "Similarly because the State's evidence proved both allegations, there was no variance between the charge and the proof, as existed in Ex parte Hightower, 443 So.2d 1272 (Ala.1983)." Mason v. City of Vestavia Hills, supra, at 224. In Mason, this court also noted that the original proposal that eventually became Rule 15.5 read as follows: "The court may permit a charge to be amended, without the *1305 defendant's consent, at any time before a verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Proposed Rule 13.5, Alabama Rules of Criminal Procedure (A.L.I. Advisory Committee Draft 1977).
"An indictment must specify the conduct sought to be condemned so that the defendant may have an opportunity to prepare a defense if one is available." Ex parte Hightower, 443 So.2d 1272, 1273 (Ala.1983) and cases cited therein. The original complaint charged that the appellant was guilty of driving under the influence of alcohol and showed a blood alcohol level of .26%. This was sufficient to charge the appellant with violations of subsections (a)(1) and (a)(2) of § 32-5A-191, as stated in the complaint in the circuit court.

III
The appellant argues that the trial court should not have allowed the amendment of the complaint from a violation of "§ 32-5A-191 2-A-1-A" to a violation of § 32-5A-191(a)(1) and 32-5A-191(a)(2). Rule 15.5(a), Alabama Temporary Rules of Criminal Procedure, reads:
"A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information or complaint."
However, Rule 15.5(c)(2) states:
"No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, rested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
The substantial rights of the appellant were not prejudiced by the amendment. See Griffin v. State, 428 So.2d 213 (Ala.Cr. App.1983) ("[a] reference to a statutory source in an indictment is a `matter of convenience and not of substance.'"); Bice v. State, 472 So.2d 440 (Ala.Cr.App.1985) ("reference to [an] erroneous code section will be treated as mere surplusage"); Ex parte Bush, 431 So.2d 563 (Ala.1983) ("[m]iscitation of a code section does not void an indictment which otherwise states an offense."). See also Abbott v. State, 494 So.2d 789, 791 (Ala.Cr.App.1986), wherein this court held that the State was properly allowed to amend its complaint on appeal from district court, where the appellant had been charged with "driving while under the influence of alcohol," to a charge that the appellant "did on or about November 13, 1983 ... drive or was in actual physical control of a vehicle while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975...." This court reasoned, "There is no change in the nature of the prosecution against the appellant on appeal to the circuit court." Abbott v. State, supra, at 791. See also Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Cr.App.1987).

IV
The appellant argues that the circuit court failed to have jurisdiction in that the district court indicated that the appellant was found "guilty as charged" on the back of the U.T.T.C., but did not fill in the blank stating that he was found "guilty of ______." The appellant notes that, according to Rule 8(a), Alabama Temporary Rules of Criminal Procedure:
"Judgment shall be pronounced in open court, shall be reduced to writing signed by the judge, filed, and recorded. A judgment of conviction shall set forth the plea, the verdict, and findings, if any, and the adjudication. If the defendant is found not guilty, or for any other reason is entitled to be discharged, judgment shall be entered accordingly."
The U.T.T.C. shows that the appellant pleaded guilty as charged and that under "Finding of the Court" the block marked "guilty of ______" was marked. It was thereafter ordered by the court that the appellant serve 60 days in jail and pay $1,000 and costs of $44. Also included in the record is a notice of appeal from district court to circuit court stating:
"Notice is hereby given that Thomas Dean Royer, Jr. appeals to the Circuit *1306 Court of Madison County, Alabama from the judgment of conviction entered by the District Court in this case on (Date) 1/22/87, adjuding the defendant to be guilty of the offense of D.U.I. and as punishment therefore sentencing the defendant as follows: sixty days m.c. jail, $1,000 fine, court costs."
Moreover, the appellant's attorney signed this notice of appeal and thereby acknowledged the appellant's conviction.
The U.T.T.C. contained a writing signed by the judge, setting forth the appellant's plea, the verdict of guilt, and the pronouncement of sentence. Thus, the material requirements of Rule 8(a), Alabama Temporary Rules of Criminal Procedure, were satisfied.
AFFIRMED.
All the Judges concur.

ON APPLICATION FOR REHEARING
McMILLAN, Judge.
After this Court's original opinion in this case, the Alabama Supreme Court released Sisson v. State, 528 So.2d 1159 (Ala.1988), which further supports the finding that the appellant's argument that the complaint was duplicitous has no merit. In Sisson, it was determined that subsections (a)(1) and (a)(2) of § 32-5A-191, Code of Alabama (1975), do not constitute two separate offenses, but rather two alternative methods of proving one offense. Because the appellant in the present case was consistently charged with violating both subsections, which was also supported by the evidence, the rule set forth in Sisson, supra, concerning the amendment of the charge does not apply in this case. See also McLaughlin v. City of Homewood, [Ms. 6 Div. 608, August 23, 1988] (Ala.Cr.App.1988).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.