175 So. 565

## LEWIS v. STATE.

### 6 Div. 73.

Court of Appeals of Alabama.

May 11, 1937.

Rehearing Denied June 29, 1937.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant was convicted of the offense of violating the prohibition laws of this State by having whisky in his possession. The prosecution originated in the county court upon affidavit and warrant issued thereon, the prosecutor being the sheriff of Marion county. From a judgment of conviction in the county court, he appealed to the circuit court and was there tried upon a complaint filed by the Solicitor; said complaint being predicated

upon the original charge in the affidavit. In prosecutions of this character it is not essential or necessary, but it is permissible, for .the Solicitor to file a complaint on appeal to the circuit court. Section 4646, Code 1923. As to this character of proceeding the foregoing section supersedes section 3843 of the Code 1923.

.The trial of this case in the circuit court resulted in the conviction of the defendant and the jury assessed a fine against him of $200. Failing to pay said fine, and the costs of the case, or to confess judgment therefor, the court duly sentenced the defendant to perform hard labor for the county, as the statute requires; and also sentenced him to perform five months additional hard labor for the county.

■ The State's evidence consisted of the testimony of the sheriff and his two deputies, all of whom testified that they went out to defendant's home and place of business and arrived there between sunset and dark, and that they each saw him come out of his store with something in a paper sack in his hand, and upon his discovering their presence he struck the ground or plank with the sack in which at the time there was a one-quart glass jar of whisky. The jar was shattered, but they each testified there was a small amount of whisky left in the bottom of the jar, also the ground, etc., was wet with whisky. The fact that the broken jar contained whisky was without dispute, but the defendant denied he was the person who had it and broke it. He offered the testimony of several witnesses which tended to corroborate him in this insistence. The conflict in the evidence upon this the controlling question of fact made a jury question and rendered inapt the affirmative charge refused to defendant by the court.

But few exceptions were reserved to the court's rulings upon the admission of the testimony. Each of these exceptions have been considered and are without merit. No reversible error appears in this connection.

■ While no brief has been filed in behalf of appellant, or by the State, yet we gather from the record that the principal insistence of error is predicated upon the action of the court in overruling and denying defendant's motion for a new trial. This motion, and matters pertaining thereto, cover fifteen pages of the transcript, all of which is set out in the record proper and

no mention of the motion, or action of the court thereon, is contained in the bill of exceptions as the statute requires. Hence the question involved is not presented for our consideration. In seeking a review by the appellate courts upon the ruling of the lower court on motion for a new trial, it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling of the court thereon, and an exception thereto. These are the express terms of the statute. Code 1923, § 6088.

Affirmed.