## BONDS v. STATE.
### 8 Div. 609.

Court of Appeals of Alabama.
April 19, 1938.

Wm. C. Rayburn, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In this case it appears from the record that this prosecution originated in the county court upon the affidavit of one Tola Christian, sworn to before the judge of said court, and upon the warrant of arrest based thereon.

The defendant was charged with the offense of petit larceny, and his trial in the county court resulted in his conviction. From the judgment of conviction in the county court he took an appeal to the circuit court of Marshall county. The appeal to the circuit court was perfected in all respects as the law requires, and the case was put upon the docket of the circuit court. In the circuit court the defendant was put to trial, but upon what process is not shown by the record, though it might be inferred therefrom that the trial was had upon the original affidavit upon which the defendant was tried in the county court.

The statute, section 3843, Code 1923, provides, that on appeal from the county court to the circuit court, the trial shall be de novo, and without any indictment or presentment by the grand jury; but the solicitor shall make a brief statement of the cause of complaint signed by him which may be in the following form:

"The State of Alabama, ——— County.

"In the circuit court, ——— term, 19—.
On appeal from the county court.

"The State of Alabama, by its solicitor, complains of C. D., that, within twelve months before the commencement of this prosecution, he did (here describe the offense as in cases of indictment).

                     "G. H., Solicitor."

Upon the filing of the record in this court, the Attorney General, who represents the State in the Appellate Courts, discovered that the provisions of the foregoing statute had not been complied with so far as the record disclosed, and, before submitting the case, applied for and was granted a certiorari directed to the clerk of the circuit court requiring said clerk to forthwith forward to this court a full and complete copy of the solicitor's complaint, or, in the absence of same, a statement under oath that the same had been waived by the defendant. The clerk of the circuit court, in response to the writ of certiorari, made return and certified that the complaint filed in the county court, as shown in the record, is the only complaint filed in this case. It, therefore, affirmatively appears that the mandatory provisions of the statute have not been complied with in this case, and that there has been no waiver by the defendant in this connection, which results that an order must here be entered reversing and remanding this case. This order is in line with innumerable decisions of the appellate courts of this State. As far back as the June term, 1868, of the Supreme Court, in the case of Moss v. State, 42 Ala. 546, to the present time, it has been held, "Where a criminal case is tried in the circuit court, on appeal from the county court, it is essential that there should be a brief statement of 'the complaint,' signed by the solicitor (Revised Code, § 4059)," and a proceeding without it, or waiver of it, is erroneous. See, also, Owens v. State, 19 Ala.App. 573, 99 So. 155, and numerous cases therein cited.

It might be well to note that the statute, section 3843, supra, and what has been said herein above, has no application to prosecutions for the violation of the prohibition laws of this State because of other statutes, contra. In our case of Du Bose v. State, 19 Ala.App. 630, 99 So. 746, 747, this court, as to this proposition, said: "The insistence that a necessary prerequisite to trial in circuit court on appeal from county court is that the solicitor shall, unless waived by accused, make a brief statement of the cause of complaint under the terms of the statute (Code 1907, § 6730) is without merit in a case of this character. Under the present law it is provided that in all prosecutions for a violation of any act for the suppression of the evils of intemperance, or to promote temperance (if a misdemeanor), may be begun by affidavit,

as well as by indictment, and that when begun by affidavit the prosecution may continue, and, no matter in what court or before what judge, the trial shall be had upon the affidavit upon which it was originally begun."

Reversed and remanded.