97 So.2d 600

**J. A. WILLIAMSON**

v.

**CITY OF GREENVILLE.**

3 Div. 999.

Court of Appeals of Alabama.

Oct. 13, 1957.

Rogers, Rogers & Scott, Greenville, for appellant.

W. J. Williamson and Wm. Hamilton, Greenville, for appellee.

CATES, Judge.

Williamson is here on appeal from a judgment of the Butler Circuit Court, responding to a verdict in which he was found guilty and fined $1,000 on a charge which originated in the Recorder's Court of the City of Greenville.

The complaint signed by the city attorney on the appeal to the circuit court reads as follows:

"Now comes the City of Greenville, an incorporated municipality in the County of Butler, State of Alabama, by its Solicitors, and complains that J. A. Williamson alias Bud Williamson; whose name is otherwise unknown, within twelve months before the commencing of this prosecution thereof, did unlawfully, wilfully, or wantonly injure, destroy, a two-ton Chevrolet truck, an article or commodity of value, the property of Greenville Lumber and Supply Company, a corporation, against the peace and dignity of the City of Greenville, County of Butler and State of Alabama."

The evidence of the prosecution, if believed, amply sustained the allegation that Williamson wilfully injured the truck. He threw a brickbat through the windshield.

■ Williamson has made no assignments of error. In Parks v. City of Montgomery, 38 Ala.App. 681, 92 So.2d 683, and in numerous cases there cited, it has been held that a procceding under a municipal ordinance is civil in nature as to its procedural aspects. However, assignments of error in civil cases are not required where the court below had no jurisdiction of the subject matter, McDaniel v. Moody, 3 Stew. 314; or as said in Stammers v. McNaughten, 57 Ala. 277: "This error * * * is fundamental, and we can not overlook it."

The verdict in this case was a finding of guilt and assessment of a fine of $1,000. The court adjudged Williamson guilty "as charged in the complaint," and its order went on:

"* * * and the defendant having failed to pay the fine and costs, is sentenced to imprisonment at hard labor for Butler County for two hundred, sixty five (265) days to pay fine, and forty four (44) days for costs of Circuit Court."

In general, a city or town adopts its ordinances and by-laws by virtue of the powers conferred under Code 1940, T. 37, § 455, which, as to the maximum sanctions for violation of these species of sub-autonomous legislation, fixes a limit of $100 as a fine and six months' imprisonment or hard labor or both. This limit is carried over to § 586.

(relating to the powers of recorders as police judges), wherein more detail is given as to hard labor and the rate of which unpaid fines and costs are to be worked out. Sections 587 and 588 relate to appeals of convictions of ordinance violations to circuit (or similar) courts. The last section provides in part:

> "* * * and in case the defendant appears on such appeal and judgment is rendered against him, unless the fine and costs are presently paid, or a judgment confessed therefor * * * the said court to which said appeal was taken must remand the defendant to the city or town authorities for punishment, * * *".

■ The judgment here does not comport with this section, but rather is written up as for a conviction of the misdemeanor denounced by Act No. 38, approved May 23, 1951. The record fails to show the introduction in evidence of a city ordinance. Moreover, the $1,000 fine exceeds the power of the city, T. 37, § 455; and the language of T. 37, § 587, does not enlarge the $100-six months' limitation when it says:

> "* * * The case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses. * * *"

■ The word "law" there used refers to § 455 and § 586 of T. 37, and similar provisions of municipal law (or some express exception thereto), rather than to the penalties (in the "source" statute) for such assimilated misdemeanors as might be made municipal offenses by a so-called "reference ordinance."

If we treat the appeal here as from a conviction of a "state" case, the judgment must be reversed because the trial de novo in the circuit court did not originate with a complaint substantially in form and signed by the circuit solicitor as required by T. 15, § 363; nor did the defendant waive the lack thereof. Gamble v. State, 32 Ala.App. 550, 27 So.2d 880.

■ On the other hand, if we treat this as a "city" case, i. e., for a municipal "offense," we are met at the threshold by the city's failure to plead the enactment of an ordinance.

From 41 Am.Jur., Pleading, § 12, we quote in part:

> "* * * And since courts of general jurisdiction as a rule do not take judicial notice of the bylaws and ordinances of municipal corporations, * * * unless required to do so by statute, such bylaws and ordinances, when relied on as the basis of a claim or defense in an action in a court of general jurisdiction, must be pleaded and proved as any other matter of fact, in the absence of any statutory requirement to the contrary. * * *"

Under 62 C.J.S. Municipal Corporations § 444 a (1), as to the necessity in general of pleading a municipal ordinance, we find in the syllabus:

> "In a proceeding brought in a court having no special function to enforce municipal ordinances or by-laws, one who bases his cause of action * * * on such an ordinance or by-law must plead it specially; but this rule does not apply to proceedings in a municipal court."

In Smith v. Town of Eclectic, 18 Ala. App. 329, 92 So. 212, 213, this court said:

> "With the exception of the ordinances of [Birmingham—see T. 7, § 429(1)] courts of general jurisdiction in this state do not take judicial notice of municipal ordinances (citing cases), and no presumption can be indulged as to the existence of such ordinances,

in the absence of both *allegation* and proof. Thomas v. State, 13 Ala.App. 421, 69 So. 413." (Italics supplied.)

For cases indicating the detail required in alleging the existence of the ordinance claimed to have been violated, Rosenberg v. City of Selma, 168 Ala. 195, 52 So. 742, and Turner v. Town of Lineville, 2 Ala. App. 454, 56 So. 603, furnish an illustrative cross section. See also Thompson v. City of Sylacauga, 30 Ala.App. 72, 200 So. 795, as to defects in both pleading and proof.

 The failure to point out that Williamson's action was in violation of some ordinance or by law makes the city's complaint defective. The defendant aptly demurred to this omission, but by failing to assign the overruling of the demurrer as error, we cannot go behind the complaint. Parks case, supra. But, since the circuit court cannot open its doors to a misdemeanor complaint (which is the most that can be ascribed to the instant pleading), unless it is signed by the circuit solicitor, we conclude that the court had no jurisdiction of the subject matter, and we take notice thereof as a fundamental error prejudicial to the substantial rights of the appellant. Moody v. McDaniel, supra.

The analogy between the circuit court sitting in a statutory review of the Public Service Commission and upon appeal from a recorder's court conviction of an ordinance violation makes this requirement of pleading the ordinance all the more cogent as a jurisdictional matter. Thus, in Birmingham Electric Co. v. Alabama Public Service Commission, 254 Ala. 119, 47 So.2d 449, 452, the court, per Brown, J., said:

"* * * It is familiar law that when special statutory authority in derogation of the common law is conferred on courts of general jurisdiction, such a court of general jurisdiction becomes *quoad hoc* a court of inferior or limited jurisdiction (citing cases.)

" 'With respect to the judicial acts of courts exercising special and limited

jurisdiction, the existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 625, 34 So. 903, and authorities there cited. * * *' "

The court being without jurisdiction, its judgment is void; and, though this judgment can be vacated on motion below, it will not support an appeal here, Alabama Public Service Commission v. McGill, 260 Ala. 361, 71 So.2d 12.

Appeal dismissed.