168 So.2d 24

**William A. PEARSON**

v.

**CITY OF HUNTSVILLE.**

**8 Div. 865.**

Court of Appeals of Alabama.

Oct. 6, 1964.

Orzell Billingsley, Jr., Peter A. Hall and J. Mason Davis, Birmingham, for appellant.

Jack Greenberg and Leroy Clark, New York City, for appellant.

Richmond M. Flowers, Atty. Gen., and Chas. H. Younger, City Atty., Huntsville, for appellee.

CATES, Judge.

This is an appeal from a conviction of remaining on premises of another after being requested to leave. Code 1940, T. 14, § 426.[1]

Here the city recorder sat as a judge of a state court. Code 1940, T. 37, § 594. He did not purport to sentence the defendant to work on the city streets but assessed

---

1. Code 1940, T. 14, § 426: " * * * [A]ny person, who, having entered into * * * or on the premises of another and fails or refuses, without legal cause or good excuse, to leave immediately on being ordered or requested to do so by the

"three months at hard labor for Madison County." Cf. Code 1940, T. 37, § 595 (fines and punishments by recorders trying misdemeanors same as in state courts).

## I.

■ Municipal corporations may pass ordinances to carry out their charters. When they seek to penalize breaches of their bylaws they proceed "quasi-criminally." The pleading is analogous to common law declaration of assumpsit. To support a claim under a breach, the ordainment must be alleged. Case v. Mobile, 30 Ala. 538; Taylor v. City of Decatur, 40 Ala.App. 571, 117 So.2d 786. However, no ground of demurrer took this point.

In Williamson v. City of Greenville, 39 Ala.App. 237, 97 So.2d 600, we said:

"If we treat the appeal here as from a conviction of a 'state' case, the judgment must be reversed because the trial de novo in the circuit court did not originate with a complaint substantially in form and signed by the circuit solicitor as required by T. 15, § 363; nor did the defendant waive the lack thereof. Gamble v. State, 32 Ala.App. 550, 27 So.2d 880.

"On the other hand, if we treat this as a 'city' case, i. e., for a municipal 'offense,' we are met at the threshold by the city's failure to plead the enactment of an ordinance.

\* \* \* \* \* \*

"\* \* \* But, since the circuit court cannot open its doors to a misdemeanor complaint (which is the most that can be ascribed to the instant pleading), unless it is signed by the circuit solicitor, we conclude that the court had no jurisdiction of the subject matter, and we take notice thereof as a fundamental error prejudicial to the substantial rights of the appellant. \* \* \*"

## II.

Appeals from misdemeanor trials in courts without juries follow Code 1940, T. 13, §§ 326 and 349, and by virtue of Code 1940, T. 15, § 358, are taken to the circuit court or court of similar jurisdiction.

The complaint in the circuit court on the trial de novo was not signed by the circuit solicitor complaining for the State. Rather, it was signed by an assistant city attorney, brought in the name of the City of Huntsville [2] for a violation of § 426, supra, and concluded, "against the peace and dignity of the State of Alabama." No ordinance was pled or proved.

■ In ordinary misdemeanor [3] cases in the circuit court, the jurisdiction of the court is not evoked unless the complaint (information according to some authorities) is signed and filed by the circuit solicitor or his deputy. Code 1940, T. 15, § 363. Frederick v. State, 24 Ala.App. 569, 138 So. 426. The defendant did not expressly or impliedly consent to or waive the prosecution's failure to follow § 363, supra. Smith v. State, 41 Ala.App. 661, 148 So.2d 653.

Indictable offenses are vindicated by the State alone. Constitution 1901, § 170. Walker v. Bridgeforth, 9 Ala.App. 257, 62 So. 323 (approved Clark v. Eagerton, 207 Ala. 491, 93 So. 455). The form of suggested de novo complaint in § 363, supra, unlike that of instant concern, begins as § 170, supra, requires with "The State of Alabama."

---

person in possession, his agent or representative, shall, on conviction, be fined not more than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than three months."

2. All of the papers filed are with the caption of "The City of Huntsville vs. William A. Pearson." The judgment entry begins, "Comes now the City of Huntsville by its attorney and also comes the defendant in person and by attorneys \* \* \*"

3. Exceptions permitting originating complaint to suffice in de novo trials are found in Code 1940, T. 8, § 56, and T. 29, § 121.

**460**

Though this latter expression may be omitted if the substance shows a public prosecution, e. g., Mahaley v. State, 39 Ala. App. 472, 103 So.2d 824, yet here the bringing of the complaint in the name of the city but not under an ordinance—even of reference [4]—is a splitting of proceeding invalid under the Constitution, § 170, and Code 1940, T. 15, § 363. Campbell v. State, 42 Ala.App. 33, 151 So.2d 407.

However, the judgment of the recorder's court is not subject to this objection since the city attorney's complaint therein was surplusage. There was an affidavit to initiate the cause. This is much the situation in Smith v. State, supra.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

4. Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83; Reynolds v. McFadyen, 259 Ala. 235, 66 So.2d 89.