307 So.2d 94

**Danny WHITEHEAD**

v.

**CITY OF RUSSELLVILLE.**

**8 Div. 173.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

Taylor & Taylor, Russellville, for appellant.

No brief for appellee.

CATES, Presiding Judge.

Highway Drunkenness: fine, $50.00, no incarceration.

**I**

The instant record exhibits some of the lapses pointed out in Williamson v. City of Greenville, 39 Ala.App. 237, 97 So.2d 600.

The City of Russellville has not filed a brief.

The complaint of instant concern on which Whitehead was tried in the court reads as follows:

"CITY OF RUSSELLVILLE, ALABAMA
A MUNICIPAL CORPORATION

VS.

DANNY WHITEHEAD
    DEFENDANT

IN THE CIRCUIT COURT

OF

FRANKLIN COUNTY, ALABAMA

COMPLAINT

"Danny Whitehead, whose name is otherwise unknown, while intoxicated or under the influence of liquor did appear, or travel upon, or be along a public road or highway, within 12 months before the commencement of this prosecution.

"Robert M. Cleere
"ATTORNEY FOR CITY OF RUSSELLVILLE,
                                          ALA.

"STATE OF ALABAMA
"FRANKLIN COUNTY

"Before me, the undersigned, a Notary Public for the State of Alabama at Large, appeared Anderson Ayers, who is known to me and who first being duly sworn on oath deposes and says that the foregoing complaint is true and correct.

"Anderson Ayers
        "AFFIANT

"Subscribed and sworn to before me this 15th day of January, 1971.

"Robert M. Cleere
            "NOTARY PUBLIC

"Filed:

"January 15, 1971
"E. Boyce Scruggs
"Clerk"

■ A proper complaint by a city or town must allege an authoritative ordination to establish an offense against the municipality. Case v. Mobile, 30 Ala. 538; Taylor v. City of Decatur, 40 Ala.App. 571, 117 So.2d 786; Pearson v. City of Huntsville, 42 Ala.App. 458, 168 So.2d 24. On the other hand a State misdemeanor complaint in a circuit court trial de novo, under Code 1940, T. 15, § 363, must be signed by the District Attorney or his deputy. The form therein used begins, as required by § 170 of the 1901 Constitution: "The State of Alabama, by its District Attorney complains of C. D. that * * *."

In the *Williamson* opinion, supra, we find:

" * * * But, since the circuit court cannot open its doors to a misdemeanor or complaint (which is the most that can be ascribed to the instant pleading) unless it is signed by the circuit solicitor, we conclude that the court had no jurisdiction of the subject matter, and we take notice thereof as a fundamental error prejudicial to the substantial rights of the appellant. * * *"

■ In Harris v. City of Vestavia Hills, 49 Ala.App. 171, 269 So.2d 626, we quoted from Town of Lineville v. Gauntt, 20 Ala. App. 135, 101 So. 154. In this latter case we find:

"Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not support a judgment of conviction, and the only proper judgment

is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499."

Therefore, the judgment below is reversed and one is here rendered ordering that the defendant below be discharged sine die. Code 1940, T. 15, § 390.

Reversed and rendered.

All the Judges concur.