The appellant was convicted of DUI in municipal court. She appealed to the circuit court for trial de novo. The City timely filed the notice of appeal, the appeal bond, and the transcript of the municipal court proceeding. That transcript included the charging instrument — the UTTC — on which the municipal court prosecution had been based. In circuit court the City did not "make a brief statement of the cause of complaint," in compliance with Ala. Code 1975, § 12-22-113. The appellant demanded a prosecuting attorney's complaint. She claimed that the complaint was mandated by § 12-22-113, and that without it, the circuit court had no jurisdiction to proceed with the trial de novo.
The City insisted that the circuit court complaint was neither "jurisdictional" nor necessary. The municipal prosecutor argued that the function of a circuit court complaint — to give the appellant notice of the charges she would be called upon to defend — had been fulfilled by the municipal court complaint, that is, the UTTC. Nevertheless, the prosecutor offered to file a circuit court complaint then and there. Although the trial judge agreed with the City's argument and overruled the appellant's objection, the prosecutor filed a complaint in compliance with § 12-22-113 in open court on the day of trial.
I concur in the result to affirm the appellant's conviction because she received what she asked for and what, as the law now stands, she was statutorily entitled to — a prosecuting attorney's complaint in accord with § 12-22-113. See Ex parteHood, 404 So.2d 717, 720 (Ala. 1981), wherein the Court citedAderhold v. City of Anniston, 99 Ala. 521, 12 So. 472 (1893), as governing "the time for filing the complaint in the circuit court." Aderhold held that a prosecuting attorney's complaint may properly be "filed at any time before the trial".99 Ala. at 524, 12 So. at 472.
I also concur in overruling Burke v. City of Rainbow City, [Ms. CR 90-749, September 20, 1991], 1991 WL 197861 (Ala.Cr.App. 1991), because that case holds that § 12-22-113 is a jurisdictional prerequisite to the conduct of appeals for trial de novo in circuit court. Burke was reversed and rendered
for the failure of the prosecutor to comply with § 12-22-113. The error in that case was the denial of the statutory right, timely demanded by the appellant, to be prosecuted on a prosecuting attorney's complaint in conformity with §12-22-113. That error entitled that appellant to a new trial, not an acquittal. Burke should have been reversed and remanded, not reversed and rendered.
I write separately in this case to explain why a prosecuting attorney's complaint is not the mechanism that confers jurisdiction on the circuit court to proceed with a de novo appeal, and why a prosecuting attorney's complaint should no longer be statutorily required in circuit court when the prosecution in municipal or district court is initiated by a valid UTTC.[1] *Page 405 
Misdemeanors are indictable offenses in Alabama. Ala. Code 1975, § 15-8-2. Article I, § 8, of the 1901 Alabama Constitution provides, in pertinent part, that "no person shall, for any indictable offense, be proceeded against criminally, by information . . . provided, that in cases ofmisdemeanor, the legislature may by law dispense with a grandjury and authorize such prosecutions and proceedings beforejustices of the peace or such other inferior courts as may beby law established." (Emphasis added.)
Article I, § 8, of the Constitution mandates that an indictable offense not be tried without indictment unless express authority has been conferred by the legislature on the court to proceed in some other way. Streanger v. State,21 Ala. App. 600, 601, 110 So. 595, 596 (1926). Until recently, the only "express authority" for the circuit court to proceed without an indictment on a de novo appeal such as the one before us was found in Ala. Code 1975, § 12-22-113:
 "The trial in the circuit court shall be de novo and without any indictment or presentment by the grand jury, but the district attorney [in former codes, "solicitor"] shall make a brief statement of the cause of complaint signed by him, which may be in the following form:
". . . .
 "The state of Alabama, by its district attorney, complains of C.D., that, within 12 months before the commencement of this prosecution, he did (here describe the offense as in cases of indictmen)."
It is my opinion that § 12-22-113 has been superseded by other provisions of our Code, specifically § 12-12-53(b), and our rules of procedure, specifically Rule 19(A)(2), Alabama Rules of Judicial Administration, and Rule 2.3, Alabama Rules of Criminal Procedure. Before discussing how § 12-22-113 has been superseded, and therefore why a prosecuting attorney's complaint should no longer be required on de novo appeal from an inferior court proceeding begun by a valid UTTC, I will explain: 1) why a prosecuting attorney's complaint is not a "jurisdictional" prerequisite for a trial de novo in circuit court, and 2) why a prosecuting attorney's complaint was originally required.
1) In Thomas v. State, 107 Ala. 61, 17 So. 941 (1895), the Alabama Supreme Court outlined the history of criminal jurisdiction in the inferior and superior trial courts. Prior to 1866, there were no inferior courts that exercised criminal trial jurisdiction in Alabama.
 "It will be observed, that in the constitutions of 1819 and 1861, all indictable offenses . . . were required to be proceeded against by indictment of a grand jury; and not until after the adoption of the constitution of 1865, containing the added proviso as to certain misdemeanors, — that they might be proceeded against without indictment, — was there ever in this state a prosecution for misdemeanors before justices of the peace and county courts, to finally try and dispose of them. Until the adoption of the Penal Code of 1866, we had no county courts. They were first established by section 482 of that Code. And until its adoption, justices of the peace were confined in their criminal jurisdiction to preliminary examinations, with the view of binding criminals over to the circuit court, or discharging them, if there was no probable cause for charging them with the offenses preferred against them. Sale v. State, 68 Ala. 530 [(18800 ]. But the Penal Code of 1866 contained the system of penal statutes, carried into our later codes and first authorized by the constitution of 1865, by which the justices' and county courts came into the exercise of jurisdiction to try and punish criminals for misdemeanors on complaints less formal than indictments."
107 Ala. at 62-63, 17 So. at 942 (emphasis added).
The first reported case to deal with an appeal in a criminal matter from an inferior to a superior trial court appears to beMoss v. State, 42 Ala. 546 (1868). Interpreting § 4059 of the 1867 Alabama Code (a predecessor to current § 12-22-113), the court observed:
 "It is . . . certain that the conviction is not good in the absence of a brief written *Page 406 
statement of the accusation. . . . Upon the trial in the county court no written accusation, except the warrant of arrest, seems to be required. — Revised Code, § 4046. But in that court the trial is not before a jury, and is not final. . . . The trial in the circuit court is of higher importance than that in the county court, because it is final, unless the case is carried to the supreme court for revision on decisions on points of law; and besides in the circuit court the trial is upon issue of fact before the jury. For these reasons, the legislature very properly required that there should be a brief statement of the 'complaint' signed by the solicitor. — Revised Code, § 4059.
 "The 'complaint,' or written accusation, required by the section last above noticed, is not found in the record. There is no waiver of it. It was a right of the accused, in the circuit court, to have such a writing, and a proceeding without it, or a waiver of it, is erroneous."
Moss v. State, 42 Ala. at 547.
Moss has been cited by a number of later cases for the proposition that " '[w]here a criminal case is tried in the circuit court on appeal from the county court, it is essential that there should be a brief statement of "the complaint," signed by the solicitor,' and a proceeding without it or a waiver of it, is erroneous." See, e.g., Bonds v. State,28 Ala. App. 194, 195, 180 So. 735, 736 (1938); Ivey v. State,27 Ala. App. 182, 183, 168 So. 459, 461 (1936); Borders v. State,26 Ala. App. 467, 468, 162 So. 136 (1935); Collins v. State,19 Ala. App. 516, 516-17, 98 So. 488 (1923); Howard v. State,17 Ala. App. 9, 81 So. 345, 346 (1919).
The Moss line of cases does not hold that a prosecuting attorney's complaint is a jurisdictional prerequisite to the circuit court's proceeding on trial de novo. Instead, that line of authority holds that the complaint is a statutory right of the accused that can be waived. See Bonds v. State,28 Ala. App. at 195, 180 So. at 736. If the right is not waived, the remedy is a reversal and remand for new trial, not a reversal and rendering of judgment for the accused. Id.
Moss itself did not decide what constitutes a waiver of the prosecuting attorney's complaint. It simply found that in that case there was "no waiver." 42 Ala. at 547. Although there are some Court of Appeals cases holding that the waiver of a prosecuting attorney's complaint "must affirmatively appear by the record," see, e.g., Owens v. State, 19 Ala. App. 573, 574,99 So. 155 (1924), most of the decisions find an implied waiver from the failure to demand a prosecuting attorney's complaint. See, e.g., Seaman v. State, 28 Ala. App. 480, 481, 188 So. 269,270, cert. denied, 237 Ala. 598, 188 So. 270 (1939). As early as 1918, the Alabama Supreme Court determined that a waiver could be implied from negative conduct, acquiescence, or the mere failure to object to the absence of a solicitor's complaint. "In the prosecution for the violation of a municipal ordinance the defendant may, affirmatively or by his conduct, waive his right to have a complaint or statement filed in the court to which the prosecution has been taken by appeal from the municipal court." Robertson v. City of Montgomery, 201 Ala. 198,199, 77 So. 724, 725 (1917) (waiver by failure to demand). Of course, the accused could "expressly waive the filing of a complaint by the Solicitor and agree to be tried upon the affidavit made" in the lower court. Chambers v. State,31 Ala. App. 269, 15 So.2d 742, 743, cert. denied, 245 Ala. 54,15 So.2d 743 (1943).
Regardless of how a waiver is established, it is clear that if a prosecuting attorney's complaint can be waived at all then it is not the mechanism that confers subject matter jurisdiction on the circuit court to proceed with a de novo appeal. "[A] defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." City of Dothan v. Holloway,501 So.2d 1136, 1139 (Ala. 1986). Nevertheless, there are at least three Court of Appeals cases that explicitly hold that a prosecuting attorney's complaint is necessary to the circuit court's subject matter jurisdiction. See, Whitehead v. City ofRussellville, 54 Ala. App. 289, 290, 307 So.2d 94, 96 (1975);Pearson v. City of Huntsville, 42 Ala. App. 458, *Page 407 
459-60, 168 So.2d 24, 25 (1964); Williamson v. City ofGreenville, 39 Ala. App. 237, 240, 97 So.2d 600, 603 (1957). However, Whitehead, Pearson, and Williamson not only rest on a constitutional provision which was repealed by the Judicial Article,[2] but they appear to be in conflict with the decision of the Alabama Supreme Court in Chaney v. City of Birmingham,246 Ala. 147, 21 So.2d 263 (1945), which held that
 "the jurisdictional recitals of the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the cause, and on appeal the complaint signed by the city prosecuting attorney is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation. . . ."
246 Ala. at 151, 21 So.2d at 268 (citations omitted). Therefore, Whitehead, Pearson and Williamson are not sound authority for the proposition that a prosecuting attorney's complaint is jurisdictional.
Aside from the fact that it can be waived, there is another reason why I think a prosecuting attorney's complaint is not the means of conferring subject-matter jurisdiction on the circuit court in a de novo appeal. If the prosecuting attorney's complaint were the instrument upon which the jurisdiction of the circuit court rested, it would be required in all de novo appeals to circuit court. That, however, has not been the case since 1909. A prosecuting attorney's complaint was not required on appeal from two types of misdemeanor convictions — those involving the prohibition laws (former Tit. 29, § 121, 1940 Code), and those involving the fish and game laws (former Tit. 8, § 56, 1940 Code). See Pearson v. Cityof Huntsville, 42 Ala. App. at 459 n. 3, 168 So.2d at 26 n. 3. The former prohibition statute, Tit. 29, § 121, 1940 Code, provided:
 "All prosecutions for a violation of any provision of this chapter, or of any other law, for the suppression of the evils of intemperance, may be begun by affidavit as well as by indictment and when begun by affidavit, the person charged shall not have the right to demand that a grand jury prefer an indictment for the alleged offense, except where such offense is a felony, but the prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun. The said affidavit or any complaint that may be filed in such prosecution may be amended to meet the ends of justice and to prevent a dismissal of the case upon any informality, irregularity or technicality." (Emphasis added.)
In Lewis v. State, 27 Ala. App. 528, 175 So. 565 (1937), the
 "appellant was convicted of the offense of violating the prohibition laws of this State by having whisky in his possession. The prosecution originated in the county *Page 408 
court upon affidavit and warrant issued thereon, the prosecutor being the sheriff of Macon county. From a judgment of conviction in the county court, he appealed to the circuit court and was there tried upon a complaint filed by the Solicitor; said complaint being predicated upon the original charge in the affidavit. In prosecutions of this character it is not essential or necessary, but it is permissible, for the Solicitor to file a complaint on appeal to the circuit court. Section 4646, Code 1923. As to this character of proceeding, the foregoing section supersedes section 3843 of the Code 1923."
Lewis, 27 Ala. App. at 528-29, 175 So. at 565 (emphasis added). See also Wilson v. State, 27 Ala. App. 38, 39, 166 So. 715, 716
(1935), cert. denied, 232 Ala. 50, 166 So. 716 (1936); McGee v.State, 25 Ala. App. 305, 145 So. 587 (1933).
Title 29, § 121, of the 1940 Code was recodified verbatim at Ala. Code 1975, § 28-4-313, thus preserving intact an exception to the requirement of a prosecuting attorney's complaint on appeal to circuit court from a lower court conviction for a violation of the prohibition laws. See Volume 2, Ala. Code 1975, Table of Comparative Sections at 607.
The other exception, Tit. 8, § 56, 1940 Code of Alabama, provided:
 "In any prosecution for misdemeanor before a justice of the peace or other inferior court, under and by virtue of the provisions of the game and fish laws, the defendant shall not have the right of a jury trial, except on appeal to the circuit court or court of like jurisdiction, but the said justice of the peace or other inferior court having jurisdiction shall proceed with the trial, and if the defendant is convicted he may appeal to the circuit court or other court of record of like jurisdiction in the county having jurisdiction in cases of appeals from such justice of the peace, or other such inferior courts, and cases so appealed shall, without the intervention of or investigation by a grand jury, be docketed in such circuit court or other court of like jurisdiction, and stand for trial de novo, on the original affidavit and warrant and on the trial of such appealed cases the defendant shall be entitled to and may demand a jury." (Emphasis added.)
This provision, like Tit. 29, § 121, relating to appeals in prohibition law cases, was construed to permit, but not to require, a prosecuting attorney's complaint in the circuit court on trial de novo. See Melech v. State, 42 Ala. App. 465,466, 168 So.2d 33, 34 (1964). The Table of Comparative Sections at 551 of Vol. 2, 1975 Ala. Code, indicates that Tit. 8, § 56, was carried forward in the 1975 Code to § 9-11-14. However, the 1975 recodification, strangely enough, did not preserve the exception to the requirement of a prosecuting attorney's complaint on appeal to circuit court from a lower court conviction for violation of the fish and game laws. Instead, §9-11-14 provides that
 "[a]ppeals from the district court to the circuit court shall be governed by the procedure set forth in chapter 12 of Title 12 of this Code."
The annotations under the statute cross reference § 12-22-113, the statute mandating a solicitor's complaint. Because the historical citations in parenthesis following the text of §9-11-14 list the predecessor statute (Tit. 8, § 56) without stating that the former provision has been amended or repealed, it is likely that the replacement of Tit. 8, § 56, with new §9-11-14 was a recodification error, a question that it is unnecessary to resolve here. The significance of these matters is that there have been and continue to be statutory exceptions to the rule requiring the prosecuting attorney to file a new complaint in circuit court on appeal from an inferior court for trial de novo. The general requirement of § 12-22-113 can, by legislative enactment, be superseded to allow the original charging instrument to be used on de novo appeals of specific misdemeanors.
2) Based on the foregoing authority, it is clear that the lack of a prosecuting attorney's complaint does not deprive the circuit court of jurisdiction to proceed with a de novo appeal. Why then has there been a statutory requirement of a prosecuting attorney's *Page 409 
complaint on de novo appeal to circuit court ever since 1867, when the system of appeals from inferior to superior trial courts was established?
My research convinces me that the answer to that question is found in Article I, § 6, of the Alabama Constitution, which provides, in pertinent part, that "in all criminal prosecutions, the accused has a right to . . . demand the nature and cause of the accusation; and to have a copy thereof." The function of a prosecuting attorney's complaint is to satisfy the due process requirement of formal written notice
to the accused of the charges against which he is to defend. InHorn v. State, 22 Ala. App. 459, 117 So. 283, cert. denied,217 Ala. 677, 117 So. 286 (1928), the court observed:
 "A defendant has a constitutional right to demand the nature and cause of the accusation against him, and this complaint of the solicitor is the method provided by the Legislature to meet this demand. Its function is to inform the defendant with what he is charged and is the accusation he is called to defend. . . . Miles v. State, 94 Ala. 106, 11 So. 403."
Horn, 22 Ala. App. at 460-61, 117 So. at 284. See also Chaney v.City of Birmingham, 246 Ala. at 151, 21 So.2d at 268.
Before the new Rules of Criminal Procedure, a misdemeanor proceeding in inferior court was initiated either without any written charging instrument, see Ex parte Hood, 404 So.2d 717,719 (Ala. 1981); Moss v. State, 42 Ala. at 547; Howard v. Cityof Bessemer, 40 Ala. App. 317, 320, 114 So.2d 158, 161, cert. dismissed, 269 Ala. 474, 114 So.2d 164 (1959), or on a charge brought by affidavit and warrant, which was "in a large measure informal," Bonner v. State, 28 Ala. App. 406, 407, 187 So. 643,644 (1938), cert. denied, 237 Ala. 446, 187 So. 645 (1939);Jones v. State, 513 So.2d 50, 51 (Ala.Cr.App. 1986); Royer v.State, 542 So.2d 1301, 1303 (Ala.Cr.App. 1988).
The formal written prosecuting attorney's complaint was especially significant when inferior court proceedings were begun without any charging instrument, as was often the case with municipal prosecutions.
 "Prosecutions for violations of municipal ordinances [were] deemed quasi-criminal under the established doctrines of [earlier] cases. For this reason the rules relative to the necessity of written complaints in prosecutions for State offenses, or in appeals to the circuit court from convictions in a Recorder's Court, where the trial is de novo, [were] inapplicable."
Howard v. City of Bessemer, 40 Ala. App. at 320,114 So.2d at 161. In McKinstry v. City of Tuscaloosa, 172 Ala. 344,54 So. 629 (1910), the Alabama Supreme Court, over a "vehement, yet eloquent dissent" by Justice Mayfield, see City of Dothan v.Holloway, 501 So.2d 1136, 1151 (Ala. 1986) (Beatty, J., dissenting), held that no written charging instrument was required in municipal court because
 "[t]he nature and character of a prosecution for a municipal offense is now, as it has always been in this state, a quasi-criminal proceeding only. Hence constitutional and statutory provisions . . . having reference to criminal prosecutions by the state, are not applicable to the violation of municipal ordinances."
172 Ala. at 349, 54 So. at 631. The premise of Justice Mayfield's dissent was that
 "any person accused of [a] crime has a right to be informed of the nature and cause of the accusation, to have the offense charged against him fully, and plainly, substantially and formally described to him,"
and that a charging instrument,
 "no matter by what name called — ought to contain all that is material to constitute the crime, and as the Constitutions say, in the form prescribed by law. . . . [f]irst, to enable the accused to make his defense; second, to enable the court to pronounce the proper judgment; third, to enable the accused to plead the judgment in bar of a second prosecution for the same offense."
McKinstry v. City of Tuscaloosa, 172 Ala. at 362, 54 So. at 635
(Mayfield, J., dissenting). See also City of Dothan v.Holloway, *Page 410 501 So.2d 1136, 1151 (Ala. 1986) (Beatty, J., dissenting).[3]
As Justice Beatty observed in Ex parte Hood,
 "Municipal court cases . . . frequently proceed[ed] upon an arrest, without a warrant based upon a complaint, . . . where a police officer answering a call makes an arrest for an offense committed in his presence. In that case there [was] no complaint, only a "bench blotter," or record of arrest and charge."
Hood, 404 So.2d at 719. When there was no written complaint in the municipal court, a circuit court complaint signed by the city prosecutor was necessary "to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation." Howard v. City of Bessemer,40 Ala. App. at 320, 114 So.2d at 161.
Even if the inferior court proceeding was begun by a written affidavit of complaint, the affidavit was typically informal and conclusory. Affidavits were not "expected or required" to satisfy the same due process notice requirements as indictments. See Brown v. State, 63 Ala. 97, 101-02 (1879). See also Williams v. State, 88 Ala. 80, 83, 7 So. 101, 102 (1890), wherein the court noted that § 4204, Code of 1886, "dispense[d] with the fullness and accuracy of description of the offense, and altogether with some averments necessary and observed in indictments." Compare Jim Red v. State, 169 Ala. 6, 8-9,53 So. 908 (1910), wherein Justice Mayfield, writing for the court, observed, "This court has often held such [conclusory] affidavits to be sufficient," adding that "[t]he writer is of a different opinion; but having fully expressed his views in dissenting opinions in other cases, and the Code having been readopted with the construction the majority place upon these sections, he forbears to further press his views upon the subject."
In Brown v. State, 63 Ala. at 98, the affidavit in the lower court charged the defendant with "failing to work the road." On appeal to circuit court for trial de novo, the prosecuting attorney's complaint alleged that the defendant "did willfully fail and refuse, after legal notice, to work the public road, either in person or by substitute, without a sufficient excuse therefor, and being liable to road duty." Brown, 63 Ala. at 98. The Alabama Supreme Court held that the affidavit, which "simply designated by name the offense," Brown, 63 Ala. at 101, was sufficient because
 "technical accuracy in such proceedings, had before a justice of the peace, was not expected or required, and they were regarded as sufficient, whenever, upon a fair, reasonable construction of their language, a charge of a known criminal offense could be gathered. Crosby v. Hawthorn, 25 Ala. 221 [(1854)]."
On the other hand,
 "[t]he statement filed by the solicitor is fuller . . . It avers generally the facts which make up the offense . . . and more fullness and precision of statement cannot be required, unless the statement intended to be brief, is governed by different rules than prevail in reference to indictments."
Brown v. State, 63 Ala. at 101-02. In Crosby v. Hawthorn, cited by the court in Brown, the court explained that if affidavits
 "were to be subjected to the rigid rules of criticism, and all the constituent elements of the offense . . . were required to be set forth . . . with certainty, the administration of the criminal law would be greatly embarrassed, and offenders would often go unpunished, by reason of the hazard which the justice who issues, the party who procures, and the officer *Page 411 
who executes the process for arresting them, would incur."
Crosby v. Hawthorn, 25 Ala at 223.
Generally, an affidavit was sufficient if the offense was designated by name, by "some other phrase which in common parlance designates it," Ex parte McElroy, 241 Ala. 554, 555,4 So.2d 437, 439 (1941), or "by words from which it might be inferred," Adams v. Coe, 123 Ala. 664, 66667, 26 So. 652, 653
(1899) (upholding a warrant "involv[ing] the averment of housebreaking, which in common parlance, implies burglary") (construing § 5208 of the 1896 Alabama Code, the predecessor to our current Ala. Code 1975, § 15-7-4). It seems clear that the affidavits of earlier Alabama practice were neither expected nor required to satisfy the due process notice requirements of Art. I, § 6, of the Constitution.
A prosecuting attorney's complaint, on the other hand, took "the place of a presentment, or of an indictment," was "analog[ous] to the information of the common law," Tatum v.State, 66 Ala. 465, 466 (1880), and was governed by the same rules of pleading specificity as an indictment, Gunn v. City ofBirmingham, 402 So.2d 1122, 1124 (Ala.Cr.App. 1981). It did satisfy the right of the accused to be informed of the "nature and cause of the accusation; and to have a copy thereof." Ala. Const. 1901, Art. I, § 6. The definition of a prosecuting attorney's complaint and the rules regarding its pleading specificity have not changed in 125 years. See § 12-22-113, which requires the offense to be "describe[d] . . . as in cases of indictment."
In contrast, the definition of a "complaint" and the rules regarding its sufficiency, are very different from what they were in 1867. Justice Mayfield's dissenting views were eventually vindicated when our Supreme Court adopted Rules 2.3 and 13.1(c), A.R.Crim.P. Today, a complaint which initiates a municipal or district court prosecution is a "written statement
made upon oath before a judge, magistrate, or official authorized by law to issue warrants of arrest, setting forthessential facts constituting an offense and alleging that the defendant committed the offense." Rules 2.3 and 13.1(c), A.R.Crim.P. (emphasis added). Compare Ala. Code 1975, § 15-7-1
("A 'complaint' is an allegation made before a proper judge or magistrate that a person has been guilty of a designated public offense."). The rules of criminal procedure have established a standard for the sufficiency of a complaint, which is virtually indistinguishable from the standard used to determine the sufficiency of an indictment. Compare Ala. Code 1975, § 15-8-25
("An indictment must state the facts constituting the offense
in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of commonunderstanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment."). See also Rule 13.2(a), A.R.Crim.P.
Rule 19(A)(1), Alabama Rules of Judicial Administration, provides that "[t]he complaint and summons used in all nonfelony traffic cases shall be the 'Uniform Traffic Ticket and Complaint.' " "A traffic ticket issued pursuant to Rule 19, A.R.J.A., will be sufficient to constitute a complaint." Rule 2.3, A.R.Crim.P. (Committee Comments). The Alabama Supreme Court, "by promulgating [Rule 19, A.R.J.A.] . . .necessarily intended that the defendant receive specific noticeof the charge he would be called upon to defend against."Sisson v. State, 528 So.2d 1159, 1164 (Ala. 1988) (emphasis added).
Today's rules of procedure establish a more exacting due process standard for the sufficiency of a UTTC than was the case with the "affidavits of complaint" under prior procedure. It was permissible to "infer," Adams v. Coe, 123 Ala. at 666,26 So. at 653, or to "gather," Brown v. State, 63 Ala. at 101, what offense was intended to be charged by the averments of an affidavit. However, in a UTTC, "the essentials of an offense must be explicitly charged, and may not be left to inference or aided by intendment." Corum v. City of Huntsville,491 So.2d 1091, 1092 (Ala.Cr.App. 1986). See also Smith v. State,435 So.2d 158 (Ala.Cr.App. 1983) (information that accused *Page 412 
"did commit the offense of Driving Under the Influence in violation of Section 32-5A-191 of the Code of Alabama" insufficient to charge an offense); Bishop v. State,555 So.2d 317, 318 (Ala.Cr.App. 1989) (information that accused "did commit the offense of DUI in violation of 32-5A-191A1 of the Code of Alabama" insufficient to charge an offense).
In further contrast to prior practice, a prosecution for DUI in municipal court must be initiated by written complaint. Our Rules of Criminal Procedure have abolished the idea that municipal court proceedings are quasi-criminal, and thus governed by civil practice. Rule 1.4(h), A.R.Crim.P., provides that a "criminal proceeding" is "the prosecution of any offense as defined in Rule 1.4(s), and may be commenced only by complaint or indictment." An "offense," as defined in Rule 1.4(s), is
 "conduct for which a sentence to a term of imprisonment, or the death penalty, or for which a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state." (Emphasis added.)
Unlike the earlier "affidavits of complaint," technical accuracy in the municipal or district court complaint (UTTC)is both expected and required. The UTTC is governed by rules of procedure which expect, and case law which requires, specificity in charging the offense. See, e.g., Sisson v.State, supra; Corum v. City of Huntsville, supra. In contrast to its earlier counterpart, a UTTC now provides the accused with a written statement of "the nature and cause of the accusation" against him and satisfies the requirements of Art. I, § 6, Ala. Const. 1901.
The Alabama Supreme Court implicitly recognized that the original reasons for § 12-22-113 no longer exist in UTTC prosecutions by promulgating a rule which required the "complaint and summons used in all nonfelony traffic cases [to] be the 'Uniform Traffic Ticket and Complaint,' " Rule 19(A)(1), A.R.J.A. (emphasis added), and by providing further that "[a]ny ticket properly issued by a law enforcement officer shall beaccepted for filing and disposition in any court having jurisdiction over the alleged offense," Rule 19(A)(2), A.R.J.A. (emphasis added).
The Alabama legislature must also have recognized that §12-22-113 is superfluous in a UTTC prosecution, because it mandated, in § 12-12-53(b) that
 "[t]he uniform traffic ticket and complaint shall be used in traffic cases where a complaint is made by a law enforcement officer or by any other person or an information is filed by the district attorney." (Emphasis added.)
See generally Brown v. State, 565 So.2d at 589-90.
In my opinion, Rule 2.3, A.R.Crim.P., Rule 19, A.R.J.A., and § 12-12-53(b) have effectively, if not expressly, superseded §12-22-113. Like the exceptions for appeals from convictions under the prohibition laws and the fish and game laws, appeals from convictions pursuant to a UTTC should now be authorized to "stand for trial de novo on the original complaint," that is, the UTTC.
For clarity, our Supreme Court, through its rulemaking power, should provide the express authority for the circuit court to proceed without a prosecuting attorney's complaint on de novo appeal from a UTTC conviction. To do so, that Court should make Rule 2.2(d), A.R.Crim.P. (which is anachronistic and superfluous in light of Rule 2.3, Rule 19, and § 12-12-53(b)) inapplicable to proceedings commenced by UTTC. Rule 2.2(d), A.R.Crim.P., states:
 "TRIAL DE NOVO. Criminal or quasi-criminal proceedings prosecuted in district or municipal court, from conviction of which the defendant has appealed for trial de novo in circuit court, shall be prosecuted in circuit court upon a complaint filed by the district attorney as provided in Ala. Code 1975, § 12-22-113."
The Committee Comments to Rule 30.5(a) (prosecution of de novo appeals) provide the following explanation for Rule 2.2(d)'s incorporation of § 12-22-113:
 "While [§ 12-22-113] places a burden on the prosecutor, it permits a screening device by which the prosecutor reviews appealed convictions and provides the *Page 413 
court with a formal charging instrument prepared by the prosecuting attorney."
This explanation is unconvincing because, as I have explained, the UTTC is "a formal charging instrument," and the circuit court is already "provided with" it on de novo appeal by virtue of Rule 30.4(a), A.R.Crim.P. That rule states:
 "RECORD ON APPEAL TO CIRCUIT COURT. Within fourteen (14) days after the filing of a notice of appeal to the circuit court for trial de novo, the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in his possession, including the original charging instrument."[4]
Moreover, although § 12-22-113 can serve as a "screening device" for prosecutors who desire to review appealed convictions, prosecutors have always been able to use this device if they wished, without the applicability of §12-22-113. See Lewis v. State, 27 Ala. App. at 529,175 So. at 565 ("it is not essential or necessary, but it is permissible for the Solicitor to file a complaint" in prohibition law appeals); Melech v. State, 42 Ala. App. at 466, 168 So.2d at 34
(same, in fish and game law appeals).
If our Supreme Court made § 12-22-113 and Rule 2.2(d), A.R.Crim.P., inapplicable to de novo appeals from convictions pursuant to UTTCs, it would greatly simplify these prosecutions and remove anachronisms from this area of the law, without diminishing the right of the accused to be informed of the nature and cause of the accusation.
[1] My opinion that a circuit court (prosecuting attorney's) complaint is not necessary on de novo appeal of a DUI conviction should not be construed to conflict with the now-accepted requirement that a valid UTTC is essential to initiate a prosecution in district or municipal court.
Discussing the initiation of a prosecution by UTTC, the Alabama Supreme Court, in Brown v. State, 565 So.2d 585
(Ala. 1990), held that
 " 'a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation, by indictment, or authorized information, or complaint supported by oath, is essential to complete jurisdiction and cannot be waived.' Kyser v. State, 22 Ala. App. 431, 432, 117 So. 157, 158 (1928). See also Temporary Rule 15.1, A.R.Crim.P."
Brown v. State, 565 So.2d at 589. See also State v. Thomas,550 So.2d 1067, 1070 (Ala. 1989), wherein our Supreme Court, citing Justice Beatty's dissent in City of Dothan v. Holloway,501 So.2d 1136, 1146 (Ala. 1986), observed that "an accusation made in the manner prescribed by law is a prerequisite to the court's power to exercise its jurisdiction".
[2] In Pearson, the court stated the following reason for the requirement of a prosecuting attorney's complaint:
 "In ordinary misdemeanor cases in the circuit court, the jurisdiction of the court is not evoked unless the complaint (information according to some authorities) is signed and filed by the circuit solicitor or his deputy. Code 1940, T. 15, § 363. Frederick v. State, 24 Ala. App. 569, 138 So. 426
[(1931)]. . . .
 "Indictable offenses are vindicated by the State alone. Constitution 1901, § 170. Walker v. Bridgeforth, 9 Ala. App. 257, 62 So. 323 [(1913)] (approved Clark v. Eagerton, 207 Ala. 491, 93 So. 455 [(1922)]). The form of suggested de novo complaint in § 363, . . . [now Ala. Code 1975, § 12-22-113] begins as § 170, supra, requires with 'The State of Alabama.'
 ". . . [H]ere the bringing of the complaint in the name of the city but not under an ordinance — even of reference — is a splitting of proceedings invalid under the Constitution, § 170, and Code 1940, T. 15, § 363. Campbell v. State, 42 Ala. App. 33, 151 So.2d 407 [(1963)]."
Pearson, 42 Ala. App. at 459, 168 So.2d at 26 (footnotes omitted).
Article VI, § 170, Ala. Const. 1901, required that "[t]he style of all processes shall be 'The State of Alabama,' and all prosecutions shall be carried on in the name and by the authority of the same, and shall conclude 'against the peace and dignity of the state.' " That section was repealed by the Judicial Article, Amendment 328, effective December 27, 1973. Subsection 6.04 of the Judicial Article provides that "[t]he circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law."
[3] Justice Beatty wrote: "In its opinion, the majority cites 12 cases that stand for the proposition that a defendant is deemed to have waived his right to a formal and sufficient written complaint by failing to demand one or by failing to object to its defects before trial in the court having original jurisdiction. Curiously enough, eight of these cases involved prosecutions by cities for violations of municipal ordinances, which, according to some of the cases cited in the majority opinion, are treated as civil in nature and are termedquasi-criminal. Although I do not agree with this line of authority, the Alabama courts have held over the years that, in such instances, the rules are a bit different." (Emphasis in original.)
[4] This rule supersedes Ala. Code 1975, § 12-14-70, to the extent of any conflict between the two provisions. See Rule 30.4 (Committee Comments). See generally Ala. Code 1975, § 12-1-1:
 "Any provisions of this title regulating procedure shall apply only if the procedure is not governed by the Alabama Rules of Civil Procedure, the Alabama Rules of Appellate Procedure or any other rule of practice and procedure as may be adopted by the supreme court of Alabama."